CALVIN GRAVES, Surviving Executor, etc., Respondent, *v.* RENSSELAER WATERMAN, Administrator, etc., Appellant, et al., Respondents.

The rule prohibiting a trustee from purchasing or dealing with the trust estate for his own benefit does not make every purchase by him of such estate illegal. He cannot purchase of himself, but may, under special circumstances, buy from the *cestui que trust*, if the latter is *sui juris*.

The burden is upon the trustee, however, to establish that there was such a *bona fide* contract as will support the purchase in a court of equity, on a careful and jealous examination of all the circumstances, and a rigid inquiry into the perfect fairness and propriety of the transaction.

(Argued December 21, 1875; decided January 18, 1876.)

THIS was an action in the nature of a bill of interpleader. Plaintiff is the surviving executor of Chandler Root, deceased. Said Root died in 1854, leaving a last will and testament by which, after certain bequests and legacies, he devised and bequeathed the residue of his property to his five children, the whole to be kept invested until· the youngest child living arrived at the age of twenty-five.

By the will, Mary C. Root, wife of the testator, was appointed executrix, and she qualified as such. Erastus C. Root, one of the children of the testator, became of age in 1857. He lived with his mother, who boarded and clothed him, and furnished him with spending money until the fall of 1859; she, also, thereafter furnished him with money to attend medical lectures. In March, 1860, he executed to his mother an assignment, in writing, of all his right, title, and interest in the estate, the consideration stated being one dollar and the aid and assistance rendered by her while endeavoring to qualify him for the practice of medicine. Erastus C. Root died in 1866 intestate, and defendant Helen Stewart was appointed his administratrix. Mary Ann Root died in 1871 intestate, and defendant Waterman was appointed her administrator. The youngest child of the testator arrived at the age of twenty-five in June, 1873, and soon after a final accounting was had and a decree made for a division of the residuary estate. The share of Erastus C. Root was claimed by both defendants. Defendant Waterman claiming it by virtue of the assignment, and defendant Stewart claiming the assignment to be void. Whereupon this action was brought to determine the rights of the parties. The referee decided in favor of the defendant Stewart, disposing of the case upon the theory that any purchase of the trust estate, or any portion thereof, by a trustee, was illegal. The General Term reversed the judgment, and directed a judgment absolute for defendant Waterman. *Held*, that the decision of the referee was erroneous, the court stating the rule, or rather the exception to the general rule, as above, citing *Ayliffe* v. *Murray* (2 Atk., 58); *Morse* v. *Royal* (12 Vesey, Jr., 355); *Davoue* v. *Fanning* (2 J. Ch., 252, 258); *Hunter* v. *Atkins* (3 M. & K., 113, 135). But *held*, that the case was not so clearly made out for sustaining the validity of the assignment as to authorize a judgment absolute for defendant Waterman, and that a new trial should have been granted.

*H. Sturges* for the appellant.

*Samuel A. Bowen* for the respondent Waterman.

FOLGER, J., reads for reversal of so much of the judgment of General Term as gives judgment absolute for defendant Waterman, and for granting a new trial.

All concur.

Judgment accordingly.