## THE PEOPLE OF THE STATE OF NEW YORK v. THE OPEN BOARD OF STOCK BROKERS' BUILDING COMPANY OF THE CITY OF NEW YORK.

*Trustee of a power of sale — he cannot himself purchase any of the trust estate — a purchaser, having notice that the trustee has sold to himself, may require evidence that the acts of the trustee have been ratified by the cestui que trust.*

A testator, by his will, conferred upon his executor a power to sell and dispose of any or all of his real estate, at public auction or by private contract, for the purpose of making partition or division of his estate, or for other purposes. On April 1, 1863, at five minutes past three o'clock in the afternoon, a deed, dated March 21, 1863, was recorded in the register's office. By this deed, Albert Smith, the sole surviving executor, conveyed a portion of the testator's real estate to William H. Smith for the consideration of $35,250. At ten minutes past three o'clock in the afternoon of the same day, there was recorded in the same office a deed, dated March 25, 1863, by which William H. Smith conveyed the same premises to Albert Smith, for the consideration of $35,320. Upon an application made by one who claimed title under Albert Smith, to compel a purchaser to complete a contract for the purchase of the premises.

*Held,* that as it was evident that the sale was made by Smith for the purpose of himself acquiring the title to the premises, the conveyance might be set aside by any of the heirs-at-law of the testator, or by the persons entitled, under his will, to the proceeds of the sale.

That if the acts of the executor had been acquiesced in or ratified by the parties interested in the estate, it was the duty of the seller, and not of the purchaser, to prove that they had done so.

That in the absence of such proof the purchaser should not be compelled to take the title, less than twenty years having elapsed since the purchase by the executor.

APPEAL by Samuel McMillan, a purchaser, from orders requiring him to complete the purchase of real estate sold by the receiver of the defendant under the order of the court.

*John Lindley* and *George Waddington*, for Samuel McMillan, appellant.

*J. Sanford Potter*, for R. S. Ransom, receiver, etc., respondent.

BRADY, J.:

Several questions were discussed upon the argument of this appeal, but it is not necessary to pass upon them in the view that has been adopted in reference to one of the questions and the result arrived at.

The premises which were purchased by the appellant belonged to one Casper Meier, who died seized of them in February 1837, and who, by his will, which was duly proved before the surrogate of this county in the same month, and recorded in his office, conferred upon his executors named in it a power of trust to sell his real estate, and to divide the proceeds of such sale among his children and descendants; and he appointed Laurenz Von Post and Albert Smith executors of the will. The executors by the will were given full power and authority, for the purpose of making or facilitating a partition or division of the testator's estates or any part of them, upon the decease or remarriage of his wife, or in lieu or in aid thereof, or at any time or times prior to such partition or division becoming necessary, absolutely to sell and dispose of by public auction or private contract, and in such lots or parcels as to them should seem expedient, the whole or any part or parts, parcel or parcels of his real estate, and to execute good and sufficient conveyances for the same to the purchaser or purchasers thereof in fee simple absolute, if they, his executrixes and executors, should in their discretion deem it necessary or in any wise expedient for the purpose of any such partition or division, or otherwise to make any such sale or sales.

It appears that the coexecutors, Von Post and Smith, qualified and were duly granted letters testamentary. It also appears that before the execution and delivery of the two deeds which will be

presently mentioned Von Post died. And by one of these deeds, dated March 21, 1863, and recorded in the office of the register of this county on the 1st day of April, 1863, at five minutes past three o'clock in the afternoon, Smith, as sole surviving executor of Meier, deceased, conveyed to one William H. Smith the premises in question; and by the other deed, dated 25th of March, 1863, being four days subsequent to the date of the first deed, and recorded on the 1st of April, 1863, at ten minutes past three o'clock in the afternoon, which was five minutes after the record of the first deed, William H. Smith and Charlotte, his wife, conveyed the premises to Albert Smith, the executor. The consideration of the first deed, namely, from Albert to William H. Smith, was $35,250; the consideration for the deed from Smith and wife to Albert Smith was $35,320, being seventy dollars more than the consideration named in the first deed.

The conclusion to be drawn from these circumstances is inevitable, namely, that the sale was made by Smith, the executor, for the purpose of acquiring the title to the premises held in trust. No other construction can be placed upon the transaction as it is developed by the deeds themselves. The consequence is that Smith, in making the purchase of the estate which he held in trust, violated a rule of law so well established that it cannot be gainsaid and is not subject, it would seem, to any qualifications except as to a sale by the *cestui que trust* to him; and that is, that a trustee cannot be a purchaser, either directly or indirectly of the trust estate. The rule, as stated by Lewin on Trusts and Trustees (2 Am. ed., 394) is, that one who stands in a fiduciary capacity cannot under any circumstances whatsoever, purchase or deal with the property he holds in trust. And the late Chancellor KENT said, in the case of *Davoue* v. *Fanning* (2 Johns. Ch., 252): "However innocent the purchase may be in the given case, it is poisonous in its consequences."

The chancellor also said : " It is to guard against this uncertainty and hazard of abuse, and to remove the trustee from temptation, that the rule does and will permit the *cestui que trust* to come at his own option, and without showing actual injury, and insist upon having the experiment of another sale."

" This is a remedy," said the chancellor, " which goes deep and

touches the very root of the evil. It is one which appears to me, from the cases which have been already cited, and from those which are to follow, to be most conclusively established." (See *Munro* v. *Allaire*, 2 Caines' Cases in Error, 182; *Michoud* v. *Girod*, 4 How. U. S. Sup. Ct. Rep., 503; *Dobson* v. *Racey*, 3 Sandf. Ch., 61.) See, also, *Ames* v. *Downing* (1 Brad., 321), in which the surrogate said: "Whatever doubt may once have existed on this point it is now the universal rule, that however fair the transaction, a trustee for sale is absolutely disabled from purchasing the trust property, and the *cestui que trust* is at liberty to set aside the sale and take back the property." See, also, *Gardner* v. *Ogden* (22 N. Y., 327), and *Forbes* v. *Halsey* (26 id., 53), in which latter case Judge Davies, in giving the opinion of the court said: "It is now well settled in this State that a guardian, trustee or other person standing in the relation of a fiduciary capacity, cannot deal with, or purchase the property in reference to which he holds that relation."

The case of *Graves* v. *Waterman* (63 N. Y., 657), is not an adjudication in conflict with the rules stated, although in it an exception is made and stated in the syllabus of the case which declares that though the trustee cannot purchase for himself, he may, under special circumstances, buy from the *cestui que trust*, if the latter is *sui juris;* but that in such a case the burden is upon the trustee to establish such a *bona fide* contract as would support the purchase in a court of equity on a careful and jealous examination of all the circumstances and a rigid inquiry into the perfect fairness and propriety of the transaction. The opinion is not reported. The case presented to the Court of Appeals is to be found in Court of Appeals cases for the year 1875 (vol. 477, case 7, page 47).

The opinion of Justice Learned is printed therein, in which the learned judge said:

"The trustee, by making what purports to be a sale of the trust property to himself, does not change the character in which he holds the property." And further said: "The principle is so well settled that the courts will not inquire, at the instance of the trustee, whether the bargain may not in fact have been beneficial to the *cestui que trust*, but will hold it to be void." It will appear in that case that the purchase was made from the *cestui que trust*.

The learned justice in the court below evidently recognized the

existence of this rule, but the effect of it appears to have been overcome in his mind by the proposition which is stated in his opinion, namely:

" There is nothing in the papers before me tending to show that the heirs of Casper Meier have ever questioned the validity of the sale by the surviving executor, or that they have not accepted and received the proceeds of such sale from the executor." And he further says: " In the absence of proof to the contrary, I think that the presumption should be that the executor and trustee performed his duty, and that the heirs acquiesced in the sale."

This view is a recognition of the doctrine of acquiescence or confirmation by the express act of the *cestui que trust*, which would make the sale lawful. (*Johnson* v. *Bennett*, 39 Barb., 237.) The proof shows that no accounting has been made before the surrogate, and there is no evidence of any distribution of the proceeds of the sale, or any acquiescence or confirmation of the sale by any act on the part of the *cestui que trust*, except the omission to assail the transfer.

The whole of the will is not before us, and we are not therefore advised of its entire provisions and cannot tell whether the time within which the trust should cease has expired or not; and the existence of such an element in the case affecting the title creates a doubt about its termination. The obligation of showing the facts in reference to the transfer, and making it one not subject to the rule which has already been stated, devolved upon the seller. (*Graves* v. *Waterman, supra.*)

The purchaser was not bound to examine into the transfer and the relations between the executor and the *cestui que trust*, and to furnish the evidence to overcome the doubt created by the conveyance to Smith, and from Smith to Smith back again.

It is a well-established rule that a court of equity will not decree the specific performance of a contract to a purchaser of real estate where the title is doubtful. (*Jordan* v. *Poillon*, 77 N. Y., 519; *Argall* v. *Raynor*, 20 Hun, 267.)

These sales took place in 1863, and therefore less than twenty years before the appellant's purchase. Such lapse of time has not been regarded as sufficient to justify courts in interfering with the rights of the *cestui que trust* or their representatives and creditors.

These rights survive a longer period. (*Hatch* v. *Hatch*, 9 Ves., 292; *Dobson* v. *Racey*, 3 Sandf. Ch., 61; *Iddings* v. *Bruen*, 4 id., 263.)

The doubts which present themselves in reference to the validity of the transfer by Smith are sufficient, within the adjudged cases cited, to withhold an order of the court directing the purchaser to complete his purchase, and therefore it is unnecessary to consider the other questions in the case, and of which it may be said in passing that they present no serious obstacles to the title. The order should therefore be reversed, but we think without prejudice to the rights of the receiver to enforce the contract, if he can supply evidence showing acquiescence in the sale by the heirs or *cestui que trust* of Casper Meier or the confirmation of it by any act of theirs.

Ordered accordingly, with costs of this appeal to abide the event of such proceedings as may be instituted at any time within sixty days from the entry of this order.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., BRADY and DWIGHT, JJ.

Order reversed, with costs to abide the event.