GABRIELLE M. McQUAIDE, on Behalf of Herself and Others Interested in the Estate of JAMES P. McQUAIDE, Deceased, Appellant, v. EDWARD S. PEROT, Individually and as Trustee, et al., Respondents, Impleaded with Others.

Decedent's estate — executors and administrators — personal representatives of a decedent not required by law to bring an action to set aside a sale by decedent to his trustee of personal property held in trust by the latter for decedent — when refusal of legal representatives of decedent to bring such action does not authorize or justify action by a legatee.

1. Executors or administrators represent the legatees, creditors and distributees in the administration of the estate; and the legatees and next of kin are concluded by their determination in respect to actions therefor and have no independent cause of action, either in their own right or the right of the estate. This rule is subject to the exceptions of cases of collusion, of insolvency of the personal representatives, of refusal by them to sue, whether collusively or *bona fide*, or of the existence of other special circumstances such as the fraudulent transfer of the trust property by the personal representatives themselves. But the refusal to sue must be more than a bare refusal. It must be an unreasonable refusal. In a matter of discretion one legatee may not make an election to disaffirm a transfer, binding upon the estate against the unanimous honest decision of all others interested therein.

2. No duty is imposed *by statute* upon the personal representatives of a decedent to bring an action to set aside a transfer where the decedent is not a party to an alleged fraud but is the alleged victim of fraud. The provisions of the Personal Property Law (Cons. Laws, ch. 41) and the analogous provisions in the Real Property Law (Cons. Laws, ch. 50, § 268) may be invoked for the benefit of defrauded creditors, but not for the benefit of legatees or next of kin. (*Lichtenberg* v.

*Herdtfelder,* 103 N. Y. 302, and *Harvey* v. *McDonnell,* 113 N. Y. 526, distinguished.)

3. The Surrogate's Court has jurisdiction to " direct and control the conduct " of executors and administrators. The personal representatives or others interested may resort to the Surrogate's Court for such direction and the court may " make a full, equitable and complete disposition of the matter." (Code Civ. Pro. § 2510.) But the power to direct does not connote the duty to seek such direction.

4. This action is brought by one of the legatees of a decedent upon the allegation that the personal representatives of the estate refuse to bring an action to set aside a sale by decedent to his trustee of an interest in personal property held in trust for him, on the ground that some advantage was taken of decedent in the transaction. Upon the examination of the complaint, to which a demurrer was interposed, *held,* that no facts showing unreasonable refusal to sue by the personal representatives are set forth therein.

*McQuaide* v. *Perot,* 180 App. Div. 932, affirmed.

(Argued February 25, 1918; decided March 12, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 10, 1917, affirming a judgment in favor of defendants entered upon an order of the court at Special Term sustaining demurrers to and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*David Hunter Miller* and *Frank L. Warrin, Jr.,* for appellant. Suits by those beneficially interested in the estate of a decedent for relief, " in special circumstances," against a debtor of the estate, decedent's personal representative being made a party defendant, are of established equity jurisdiction. (*Long* v. *Majestre,* 1 Johns. Ch. 305; *Lancaster* v. *Evors,* 4 Beav. 158; *Everingham* v. *Vanderbilt,* 12 Hun, 75; *Overton* v. *Village of Olean,* 37 Hun, 47; *O'Connor* v. *Gifford,* 117 N. Y. 275; *Newland* v. *Champion,* 1 Ves. Sr. 105; *Doran* v. *Simpson,* 4 Ves. Jr. 651; *Alsager* v. *Rowley,* 6 Ves. Jr. 748; *Gedge* v.

*Traill,* 1 R. & M. 281.) The complaint sets forth special circumstances sufficient to sustain equity jurisdiction in behalf of the party here plaintiff. (*Holland* v. *Prior,* 1 M. & K. 231.) The complaint states a cause of action against the defendants, respondents. (*Davoue* v. *Fanning,* 2 Johns. Ch. 252; *Graves* v. *Waterman,* 53 N. Y. 657; Perry on Trusts [6th ed.], § 197; Lewin on Trusts [12th ed.], 572; *Plowright* v. *Lambert,* 52 L. T. [N. S.] 646; *Tate* v. *Williamson,* 15 L. T. [N. S.] 549; *Michoud* v. *Girod,* 4 How. [U. S.] 502; *Allerton* v. *Allerton,* 50 N. Y. 670; *Continental Securities Co.* v. *Belmont,* 206 N. Y. 7; *Pritz* v. *Jones,* 117 App. Div. 643.)

*Clarence G. Galston* for respondents. The plaintiff has no cause of action. (*Lichtenberg* v. *Herdtfelder,* 103 N. Y. 302; *Lore* v. *Dierkes,* 16 Abb. [N. C.] 47; *Long* v. *Majestre,* 1 Johns. Ch. 306; *Squire* v. *Ordemann,* 194 N. Y. 394.) An action of the nature of the one in suit must be brought by the personal representative. (*Lichtenberg* v. *Herdtfelder,* 103 N. Y. 302.)

POUND, J. The question sought to be presented on this appeal is to what extent one of the legatees or next of kin of a decedent acquires the right, upon the allegation that the personal representatives of the estate refuse to sue, to maintain an action to set aside a sale by decedent to his trustee of an interest in personal property held in trust for him, on the ground that some advantage was taken; some withholding of information as to its value resulting in inadequacy of consideration.

The essential facts stated in the complaint are that James P. McQuaide was in the year 1903 the owner of one-fourth of the capital stock of the National Conduit and Cable Company; that he then transferred such stock in trust to the defendant Perot, who was also the owner of one-fourth of such stock, by a written agreement, whereby Perot obtained absolute control of such shares,

including the right to sell same, for the life of McQuaide, but not exceeding ten years; agreed to pay McQuaide's debts amounting to about $26,000; also to pay $700 a month to McQuaide's wife Sara, for her life for the use of herself and his children, and the balance of the income from such shares of stock or the proceeds thereof to McQuaide.

This agreement gave to Perot and the defendant Jackson the control of seventy-five per cent of the stock of the corporation.

In 1906 McQuaide, by written agreement, sold to Perot and Jackson his interest in his stock and in such trust agreement. The sale was subject to the trust in favor of the wife Sara and the children above referred to. The consideration was the payment of debts of McQuaide amounting to about $25,000; $10,000 a year for five years in monthly installments; $200,000 at the end of five years and $50,000 at the termination of the trust in favor of the wife Sara.

McQuaide died in England on July 10, 1915. He left surviving him his wife Sara and four children, of whom the plaintiff is one. He left a last will and testament executed in the year 1913 in which he named the defendant, " my wife Gertrude Reynolds McQuaide," as executrix and after making other provisions for her, including the income payable to him under the Perot-Jackson contract, he directed that the residue of his estate be divided into eighteen shares, one-half thereof to be paid to " my said wife Gertrude Reynolds McQuaide; " one-sixth to his daughter the defendant Sophie Florence; one-ninth each to his daughter the defendant Isabelle and to his son the defendant James and one-ninth to his daughter Gabrielle, the plaintiff. Letters testamentary were issued in England to Gertrude Reynolds McQuaide North and letters of administration were issued out of the Surrogate's Court of New York county to Sara S. McQuaide.

Plaintiff alleges that the sale by McQuaide to Perot and Jackson of his interest in the shares of stock held by Perot under the trust agreement was made without knowledge on McQuaide's part that the value of such shares had increased from $400 a share in 1903 to $600 a share in 1906, although he knew what the income from the stock was; that Perot and Jackson, knowing such true value, without disclosing the facts to McQuaide, persuaded him to execute the agreement of sale without having independent advice; that this was a breach of the trustee's duty of fair dealing and full disclosure; that plaintiff has demanded of the administratrix of the estate and the testatrix of the will that an action be brought to set aside the sale and each has refused; that the other children and legatees of McQuaide have refused to become parties plaintiff with her. She, therefore, demands that the sale of the stock to Perot and Jackson be set aside and declared null and void and that an accounting be had. She sues in the right of the estate and for its benefit because of the refusal of the personal representatives to sue.

Defendants Perot, individually and as trustee, and Jackson demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against them. The demurrers have been sustained and the complaint dismissed.

It is elementary that the executors or administrators represent the legatees, creditors and distributees in the administration of the estate; that their duty is to recover the property of the estate; and that the legatees and next of kin are concluded by their determination in respect to actions therefor and have no independent cause of action, either in their own right or the right of the estate. This rule has been stated in somewhat general language to be " subject to the exceptions of cases of collusion, of insolvency of the personal representatives, of refusal by

them to sue, whether collusively or *bona fide* " (*Hilliard* v. *Eiffe*, L. R. 7 Eng. & Ir. App. 39) or of the existence of other special circumstances such as the fraudulent transfer of the trust property by the personal representatives themselves. (4 Ann. Cas. 196; 20 Ann. Cas. 96; *Agne* v. *Schwab*, 123 App. Div. 746.) But the refusal to sue must be more than a bare refusal. It must be an unreasonable refusal. (*Harvey* v. *McDonnell*, 113 N. Y. 526, 531.) The personal representatives must exercise good sense. If they made everything that was wrong the subject of litigation they might involve the estate in needless delay and expense. Policy and expediency must aid them to decide whether mere inadequacy of consideration, not shocking the conscience, but resulting from a breach of the duty of full disclosure due from trustee to beneficiary should justify them in embarking on a serious litigation on the mere assertion of a legatee that material information was withheld from the decedent. The winning of a law suit may prove a Pyrrhic victory and the possibility of defeat is always present. The legatees and next of kin cannot take the business of the estate out of the hands of the personal representatives on a mere difference in policy without giving substantial reasons. Plaintiff represents one-ninth of the residuary estate of the decedent. She seeks to impress her own notions of sound judgment upon the court against what must be assumed to be, in the absence of any contrary allegation, the honest decision not only of the personal representatives but of the owners of eight-ninths of the residuary estate. General equitable principles must control as against isolated expressions in opinions which suggest that mere refusal of the personal representatives to proceed to reclaim property alleged to have been transferred by reason of a fraud practiced upon the decedent is enough to create a cause of action in the legatees. Such expressions cannot be construed as mean-

ing that in a matter of discretion one such legatee may make an election to disaffirm the transfer, binding upon the estate against the unanimous honest decision of all others interested therein.

The facts stated in the complaint are consistent with an honest determination on the part of the personal representatives after deliberation not to attack the transaction complained of. Plaintiff alleges that when the agreement to sell McQuaide's rights in the stock for $325,000 was made, the stock was worth $750,000. But at that time McQuaide had parted with the control of the stock by the trust agreement. Perot had the right to vote it and sell it. It was impressed with a trust charge of $6,400 a year for the life of Sara. McQuaide had the bare legal title without the voting power. He was entitled to the fairest treatment and every kind of protection from Perot and Jackson and the burden is upon them to establish their entire *bona fides*. (*Graves* v. *Waterman*, 63 N. Y. 657.) He did not sell them the stock, however. He sold out his interest under the trust agreement. It cannot be said that what he sold to them was worth $750,000, nor is there any allegation in the complaint that it was worth that sum or any greater sum than the purchase price, or that McQuaide was not cognizant of the value of what he then parted with. The trust agreement had already eaten much of the substance out of the full value of the stock and such value was no longer the criterion of adequacy of consideration. No facts showing unreasonable refusal to sue are set forth in the complaint.

Creditors' actions and actions to disaffirm transfers in fraud of creditors are in a distinct class. No statute is necessary to enable a *cestui que trust* or his personal representatives to sue the trustee to set aside a transfer obtained by the trustee by fraudulent means and no duty is imposed upon the personal representatives *by statute*

to bring such an action where the decedent is not a party to an alleged fraud but is the alleged victim of fraud. The surrogate under the provisions of the Code of Civil Procedure (§ 2490, ¶ 5), may by order require executors and administrators subject to the jurisdiction of his court to perform any duty imposed upon them *by statute* or by the Surrogate's Court under authority *of a statute.* The right of creditors, either through the personal representatives or directly, to disaffirm transfers made in fraud of them, *is* enforced by statute. The Personal Property Law (§ 19) authorizes executors and administrators to treat such transfers as void, and also permits a creditor to maintain an action for that purpose. A man may not defraud his creditors, nor may the personal representatives of his estate hinder or delay such creditors in enforcing their rights by refusing, *bona fide* or collusively, to bring suit. The provisions of the Personal Property Law (Cons. Laws, ch. 41) and the analogous provisions of the Real Property Law (Cons. Laws, ch. 50, § 268) may be invoked for the benefit of defrauded creditors, but not for the benefit of legatees or next of kin. (*Lore* v. *Dierkes*, 16 Abb. N. C. 47.) It is generally held that any excess of the property given away or assigned in fraud of creditors, not needed for the payment of debts and expenses, belongs to the fraudulent transferee and not to the estate of the transferor. (*Allen* v. *Trustees of Ashley School Fund*, 102 Mass. 262; 50 L. R. A. [N. S.] 336.) The cases dealing with the right of creditors to attack fraudulent transfers of a decedent, such as *Lichtenberg* v. *Herdtfelder* (103 N. Y. 302) and *Harvey* v. *McDonnell* (113 N. Y. 526) are, therefore, of a different character from this case and have nothing to do with it.

The Surrogate's Court has jurisdiction to " direct and control the conduct " of executors and administrators. The personal representatives or others interested may resort to the Surrogate's Court for such direction and

the court may " make a full, equitable and complete disposition of the matter." (Code Civ. Pro. § 2510.) But the power to direct does not connote the duty to seek such direction. (*Matter of Holzworth,* 166 App. Div. 150, 154; affd., 215 N. Y. 700.) The personal representatives cannot excuse their inaction solely on the ground that no direction to act has been obtained from the Surrogate's Court. That no such direction was sought in this case has a bearing on the question of the reasonableness of the conduct of the New York administratrix in refusing to act, but it is not conclusive upon the plaintiff.

The judgment appealed from should be affirmed, with costs.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, CARDOZO and ANDREWS, JJ., concur.

Judgment affirmed.