THE FARMERS' LOAN AND TRUST COMPANY, as Trustee, etc., of MARY J. ODELL, Deceased, Appellant, *v.* LOUISE MEYER and Others, as Executors, etc., of ANNIE MEYER, Deceased, and Another, Respondents.

First Department, December 23, 1927.

Executors and administrators — insolvent estate — action by judgment creditor to set aside assignment of leases made by testatrix — complaint sufficiently alleges constructive fraud — judgment creditor has right to maintain action.

The plaintiff is a judgment creditor of the estate of the testatrix and it brings this action on behalf of itself and other creditors to have declared null and void and to set aside an assignment of leases made by the testatrix to the defendant cor-

poration. The complaint sufficiently alleges fraud by stating that at the time the leases were assigned the testatrix was of unsound mind; that the assignment, if made for any consideration, was made for $15,000 less than the reasonable market value of the leases; that the testatrix, except for the leases, was insolvent at the time of the transfer and at the time of her death; that the defendant corporation knew the facts alleged; that testatrix was represented by a firm of attorneys, one of whom was an officer of the defendant corporation; that plaintiff's judgment remained wholly unpaid and that a demand has been made upon the executors to disaffirm the assignments, and they have unreasonably refused to disaffirm and to bring an action to set the assignment aside.

The facts alleged by the plaintiff show constructive fraud and it was not necessary for the plaintiff to employ the words "fraud" or "fraudulent" in order to state a good cause of action against the defendant corporation.

The plaintiff, a judgment creditor of the testatrix, is entitled to maintain this action under the facts alleged.

APPEALS by the plaintiff from two orders of the Supreme Court, entered in the office of the clerk of the county of New York on the 10th day of August, 1926.

The appeals are taken from such part of said orders as adjudges and determines that the first alleged cause of action set forth in the amended complaint does not state facts sufficient to constitute a cause of action.

*C. Alexander Capron* of counsel [*Ramsey Clayton* with him on the brief; *Taylor, Blanc, Capron & Marsh*, attorneys], for the appellant.

*Osmond K. Fraenkel* of counsel [*Goldsmith & Fraenkel*, attorneys], for the respondents.

MARTIN, J. By this action it is sought to set aside and to have declared null and void the transfer of certain leases alleged to have been made by Annie Meyer, now deceased, to the defendant East Park Street Corporation.

The first cause of action alleges that the plaintiff is a judgment creditor of the estate of Annie Meyer, deceased; that while she was indebted to the plaintiff and at a time when she was of unsound mind and incapable of understanding and knowing the import of her acts, she assigned certain leases to the defendant East Park Street Corporation for a consideration, if any, amounting to $15,000 less than their reasonable market value; that except for such leases the said Annie Meyer was insolvent at the time of the alleged transfer thereof and at the time of her death; that at the time of the assignment and transfer the East Park Street Corporation knew that Annie Meyer was incompetent and incapable of understanding any transaction involving the transfer and assignment of the leases; that at the time of the alleged transfer of the leases Annie Meyer was represented by a firm of attorneys, one

of whom was then and now is an officer of the defendant East Park Street Corporation; that the plaintiff's judgment remains wholly unpaid; that a demand has been made upon the defendants, executors, to disaffirm the assignments and treat them as null and void; that although fully informed of the facts alleged, the defendants, executors, unreasonably refused to disaffirm and to bring an action for the purpose of setting aside and having the assignments declared null and void; and that without such disaffirmance the plaintiff would be greatly injured and unable to collect the amount of its judgment.

This action was brought by the plaintiff on behalf of itself and other creditors interested in the estate of Annie Meyer.

The matters alleged by plaintiff which lead to an inference of constructive fraud are: The mental incapacity of Annie Meyer; the inadequacy of consideration; knowledge on the part of the defendant, assignee East Park Street Corporation, of the mental incapacity of Annie Meyer; and the insolvency of Annie Meyer at the time of the transfer of the leases as well as the existence of the indebtedness due the plaintiff at that time.

The court at Special Term held the complaint insufficient for the reason that it did not allege any acts of fraud on the part of the defendants. It overlooked the cases dealing with constructive fraud, cases determining that a presumption of fraud arises from facts such as those alleged in the complaint, justifying relief on the ground of fraud.

An allegation of fraud is embraced in the combination of the above elements for the reason that their accumulative effect gives rise to a presumption of fraud. In order to characterize the transaction or specify the ground of relief, it is not necessary to employ the word "fraud" or "fraudulent." This rule of law has been stated in the case of *Warren* v. *Union Bank of Rochester* (157 N. Y. 259, 273).

Pomeroy on Equity Jurisprudence (Vol. 2 [4th ed.], § 922) states as follows: "Constructive fraud is simply a term applied to a great variety of transactions,  *  *  *  which equity regards as wrongful, to which it attributes the same or similar effects as those which follow from actual fraud, and for which it gives the same or similar relief as that granted in cases of real fraud.  *  *  *  It embraces  *  *  *  transactions which merely raise a presumption of wrong, and throw upon the party benefited the burden of proving his innocence and the absence of fault."

Respondents argue that a creditor cannot bring the action; that the right to bring it is personal to the executor. Apparently it is contended that the personal representative may do as he pleases

and that the creditors are without a remedy, at least with reference to bringing the action. Appellant, however, says that the rights of the representative are held in trust and are not merely " beneficial " or personal to the executor. This seems obvious.

The plaintiff refers to cases which support the creditor's right to bring the action where the personal representative will not; also calls attention to section 19 of the Personal Property Law and section 268 of the Real Property Law. (*Bate* v. *Graham*, 11 N. Y. 237; *National Bank of West Troy* v. *Levy*, 127 id. 549.)

No holding to the contrary is cited, though it seems that there is doubt as to a *legatee's* right to proceed with such an action. (*McQuaide* v. *Perot*, 223 N. Y. 75.)

The orders so far as appealed from should be reversed, with ten dollars costs and disbursements, and the motions denied, with ten dollars costs, with leave to the defendants to answer the first cause of action alleged in the complaint upon payment of said costs.

Dowling, P. J., Finch, McAvoy and O'Malley, JJ., concur.

Orders so far as appealed from reversed, with ten dollars costs and disbursements, and the motions to dismiss the first cause of action denied, with leave to the defendants to answer the first cause of action within twenty days from service of order upon payment of said costs.