■ DAVID R. A. WIERDSMA et al., Appellants, v MARKWOOD CORPORATION et al., Respondents.—Order, Supreme Court, New York County, entered December 17, 1975 granting defendants-respondents' motion to dismiss appellants' complaint is unanimously affirmed and the appeal from the order, entered January 12, 1976, denying appellants' motion for reconsideration is unanimously dismissed for mootness. One bill of $60 costs and disbursements of these appeals to respondents. By this action plaintiffs, two of the sons of the decedent, Elisabeth Trinkner Allen, seek to recover damages because defendants, decedent's financial advisors, allegedly fraudulently and negligently represented to her and to them that she owned, when in fact she did not, sufficient property to satisfy all the bequests in her will, including those made to the plaintiffs, without the necessity of her further exercising a testamentary power of appointment. It is claimed that as a consequence of that advice plaintiffs were deprived of specific legacies approximating $150,000 as well as residuary interests in their mother's estate. Although decedent was a resident of Connecticut and certain of the claimed misrepresentations took place there, since one of the plaintiffs and the corporate defendant are New York residents and the corporate coexecutor is a New York bank, Special Term's *sua sponte* dismissal of the complaint on the ground of *forum non conveniens* was improper. But the order dismissing the complaint, nevertheless, must be affirmed for, as respondents urge, plaintiffs lack standing to sue. The essence of their complaint is that because of defendants' wrongful advice, given to decedent as well as to her entire family, the size of her estate was not as large as it would have been had she exercised the power of appointment. Plaintiffs' claim is thus no different from that of any other legatee or beneficiary who would have benefited had the estate been larger and is, in reality, merely one to recover estate assets. Such a claim is maintainable by the executors

of the estate. The legatees and beneficiaries thereof have no independent cause of action either in their own right or in the right of the estate to recover estate property. *(McQuaide v Perot,* 223 NY 75.) Concur—Stevens, P. J., Markewich, Murphy, Silverman and Yesawich, JJ.