was the party the action was intended to affect, and since it was not prejudiced by the amendment (see, CPLR 1024; *Flannery v General Motors Corp.*, 214 AD2d 497, *affd* 86 NY2d 771). By opposing plaintiff ICD's summary judgment motion in its own name, without raising any jurisdictional objection until its present post-judgment motion, defendant Petroplast must be deemed to have submitted to the court's jurisdiction and to have waived any objection that the court was without personal jurisdiction over it (see, *Feola v Moore McCormack Lines*, 173 AD2d 256).

■ DONALD THEA et al., Appellants, v FREDERICA THEA, Respondent. [726 NYS2d 655] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about September 27, 2000, which granted defendant's motion to dismiss the complaint for failure to state a cause of action and denied plaintiffs' cross motion to compel discovery, unanimously affirmed, with costs.

Plaintiffs, issue of the first marriage of the late Stanley Thea (the decedent), assert a cause of action for undue influence against defendant, the decedent's third wife and widow, based on the decedent's transfers of funds, while mentally impaired during his final illness, from an Individual Retirement Account (IRA) of which plaintiffs were partial beneficiaries to an IRA of which defendant was sole beneficiary. The cause of action is not pleaded with sufficient detail to satisfy CPLR 3016 (b), since the transfers themselves, which were to the future benefit of the decedent's spouse of 10 years, a natural object of his bounty, and to the detriment of his adult children only, do not, standing alone, give rise to any inference of undue influence (cf., *Matter of Elmore*, 42 AD2d 240, 241; compare, *Matter of Fiumara*, 47 NY2d 845, 846). The cause of action for conversion based on such allegations was also legally insufficient, since plaintiffs had neither legal title to the funds, nor any possessory interest in them, at the time of the transfers, which occurred while the decedent was still alive and had no obligation to treat the funds in any particular manner (see, *Bankers Trust Co. v Cerrato, Sweeney, Cohn, Stahl & Vaccaro*, 187 AD2d 384, 385; *Manufacturers Hanover Trust Co. v Chemical Bank*, 160 AD2d 113, 124, *lv denied* 77 NY2d 803). The alleged conduct by defendant on which plaintiffs base their cause of action for intentional infliction of emotional distress does not rise to the level of the " 'atrocious, and utterly intolerable in a civilized

community' " (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303, quoting Restatement [Second] of Torts § 46, comment *d*; *accord, Howell v New York Post Co.*, 81 NY2d 115, 122) required to support such a cause of action. Finally, plaintiffs are not entitled to an opportunity to conduct discovery based only on the hope that they might thereby obtain some evidence to substantiate their conclusory allegations of undue influence (*see, HT Capital Advisors v Optical Resources Group*, 276 AD2d 420), and they have not made any showing that they could cure the deficiencies of their complaint by repleading (*see,* CPLR 3211 [e]). Concur—Sullivan, P. J., Ellerin, Wallach, Rubin and Buckley, JJ.