■ ADRIENNE MARSH LEFKOWITZ, Appellant, v LI KA-SHING et al., Respondents. [819 NYS2d 494]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered October 28, 2005, which granted defendants' motion to dismiss plaintiff's amended complaint, denied plaintiff's cross motion, assessed sanctions against plaintiff in the amount of $10,000, awarded defendants reasonable attorneys' fees in an amount to be determined, and enjoined plaintiff from bringing any further proceedings against defendants or her parents' estates, except for proceedings properly brought by the estate in Surrogate's Court, without leave of Supreme Court, the courts of Hong Kong or Surrogate's Court, unanimously affirmed, with costs.

Plaintiff fails to show that the refusal of her parents' estates to pursue her claims was unreasonable, or that she otherwise has standing to maintain such claims on behalf of the estates (*see McQuaide v Perot*, 223 NY 75, 79-80 [1918]; *Wierdsma v Markwood Corp.*, 53 AD2d 581 [1976]). Plaintiff's claims are also time-barred, the action having been commenced more than six years after the alleged fraud took place and more than two years after plaintiff could have discovered it (CPLR 213 [8]; 203 [g]; *see Lefkowitz v Appelbaum*, 258 AD2d 563 [1999]). Indeed, the record shows that plaintiff has been asserting these claims in various forums for more than a decade, and that the evidence she claims she only recently discovered either was known to her since the mid-1990s or simply does not support her claim of fraud against defendants (*see Roberts v Pollack*, 92 AD2d 440, 444 [1983]). Plaintiff's claims also are barred by the doctrine of res judicata and the related Hong Kong doctrine of abuse of process, the claims having been conclusively determined in the Hong Kong actions (*see Watts v Swiss Bank Corp.*, 27 NY2d 270, 275 [1970]). The court's imposition of sanctions against plaintiff for frivolous conduct and restraints on her access to the courts is amply supported by the record. We have considered plaintiff's other contentions and find them to be without merit. Concur—Mazzarelli, J.P., Andrias, Gonzalez, Sweeny and McGuire, JJ.