# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**393**

**CA 12-01383**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND WHALEN, JJ.

---

DAVID W. CASTOR, JR., PLAINTIFF-RESPONDENT,
AND JANICE POISSANT, PLAINTIFF,

V                                                          MEMORANDUM AND ORDER

LYNN J. PULASKI, PAUL W. PULASKI,
DEFENDANTS-APPELLANTS,
STACEY R. CASTOR, ET AL., DEFENDANTS.

---

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (DANIEL ROSE OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

MEGGESTO, CROSSETT & VALERINO, LLP, SYRACUSE (JAMES A. MEGGESTO OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered December 14, 2011. The order and judgment, among other things, awarded plaintiff David W. Castor, Jr., compensatory damages, punitive damages and attorneys' fees against defendants Lynn J. Pulaski and Paul W. Pulaski.

It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by granting in its entirety the motion to dismiss the complaint for lack of standing, the first and third through sixth ordering paragraphs are vacated, and the complaint is dismissed against defendants Lynn J. Pulaski and Paul W. Pulaski without prejudice in accordance with the following Memorandum: David W. Castor, Jr. (plaintiff) commenced this fraud action seeking damages from, inter alia, Lynn J. Pulaski (Lynn) and Paul W. Pulaski (Paul) (collectively, defendants) in connection with the probate of a fraudulent will, purported to be the will of plaintiff's father, David Castor, Sr. (decedent), which was offered for probate by defendant Stacey R. Castor (Castor), decedent's wife. Castor was convicted of, inter alia, the murder of decedent in connection with decedent's death in August 2005 of antifreeze poisoning, and offering a false instrument for filing in connection with the purported will (*People v Castor*, 99 AD3d 1177, *lv denied* 20 NY3d 1010). Decedent's death was treated as a suicide until Castor's arrest approximately two years later. Plaintiff is decedent's sole heir. It is undisputed that defendants agreed to Castor's request that they witness decedent's signature on the will six weeks after his death and that they thereafter each signed an attestation affidavit, falsely swearing that he/she was present when decedent executed the will, that decedent

declared the document to be his will and that he/she witnessed decedent's signature. Castor was issued letters of administration c.t.a. in June 2006 and filed an accounting in April 2007, valuing the estate at $159,048.50. Castor was the sole beneficiary under the purported will. Although plaintiff filed objections to the probate of the will because he suspected Castor may have been responsible for his father's death, he testified that he withdrew those objections because he relied on defendants' attestation affidavits. At the inquest on damages against Castor and the nonjury fraud trial against defendants, the Public Administrator testified that the value of the estate was approximately $45,000. Supreme Court awarded damages to plaintiff in the amount of $127,118.65 and punitive damages in the amount of $250,000 with joint and several liability between defendants and Castor.

We agree with defendants that the estate representative is charged with the duty of recovering property of the estate, and that plaintiff, as decedent's sole heir, has no independent cause of action, either in his own right or the right of the estate, to maintain an action for recovery of the property of the estate, absent extraordinary circumstances (see *McQuaide v Perot*, 223 NY 75, 79-80; *Gaentner v Benkovich*, 18 AD3d 424, 426). Extraordinary circumstances include collusion of the personal representative with others or an "unreasonable refusal" of the personal representative of the estate to commence an action (*McQuaide*, 223 NY at 80). Inasmuch as the extraordinary circumstances must relate directly to the actions of the personal representative of the estate, we conclude that the court erred in determining that the "unique and novel circumstances" of this case, i.e., "homicide, possible forgery, perjury, false statements, and possible conflicts of interest," constitute the requisite extraordinary circumstances. Indeed, we note that the Public Administrator testified that he was not asked to commence the fraud action (*cf. id.* at 80-81), and there is no allegation that he was involved in the alleged fraud (*cf. Inman v Inman*, 97 AD2d 864, 865). We therefore conclude that the court erred in denying defendants' motion to dismiss the complaint against them on the ground that plaintiff lacked standing to commence the action. We therefore grant defendants' motion and dismiss the complaint against them without prejudice to the commencement of a new action by an appropriate party within six months, in accordance with CPLR 205 (a).

In light of our determination, we do not address defendants' remaining contentions.

Entered: May 9, 2014                                    Frances E. Cafarell
                                                       Clerk of the Court