█ Yvonne Stallsworth et al., Appellants, v Darrell Stallsworth et al., Respondents, et al., Defendants. [30 NYS3d 661]—

In an action, inter alia, to set aside a conveyance of certain real property and to recover damages for breach of fiduciary duty and unjust enrichment, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), entered March 21, 2014, as, in effect, granted those branches of the separate motions of the defendants Lucia Francis and Bank of America which were for summary judgment dismissing the complaint insofar as asserted against each of them for lack of standing and searched the record and awarded summary judgment to the defendant Darrell Stallsworth dismissing the complaint insofar as asserted against him for lack of standing.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

EPTL 11-3.2 (b) provides that a cause of action for injury to person or property is not lost because of the death of the person in whose favor the cause of action existed, as the cause of action may be commenced or continued by the decedent's personal representative. "[A] beneficiary, absent extraordinary circumstances . . . , cannot act on behalf of [an] estate or exercise [a] fiduciary's rights with respect to estate property" (*Jackson v Kessner*, 206 AD2d 123, 127 [1994]; *see McQuaide v Perot*, 223 NY 75, 79 [1918]). Rather, "[t]he appropriate avenue is to be appointed a representative pursuant to the requirements of

the EPTL" (*Schoeps v Andrew Lloyd Webber Art Found.*, 66 AD3d 137, 140-141 [2009]).

Here, the Supreme Court correctly determined that the plaintiffs lacked standing to commence an action to recover and preserve an asset alleged to have been wrongfully diverted from the decedent's estate prior to her death (*see* EPTL 11-3.2 [b]; *Gaentner v Benkovich*, 18 AD3d 424, 426 [2005]). The plaintiffs, as individual beneficiaries of the decedent's estate, had no independent right to maintain an independent cause of action for the recovery of estate property, as such a right belonged to the personal representative of the decedent's estate (*see McQuaide v Perot*, 223 NY at 79; *Gaentner v Benkovich*, 18 AD3d at 426; *Jackson v Kessner*, 206 AD2d at 126). Accordingly, the Supreme Court properly, in effect, granted those branches of the separate motions of the defendants Lucia Francis and Bank of America which were for summary judgment dismissing the complaint insofar as asserted against each of them for lack of standing. Moreover, the Supreme Court properly, in effect, searched the record and awarded summary judgment to the defendant Darrell Stallsworth dismissing the complaint insofar as asserted against him on the same ground, lack of standing (*see* CPLR 3212 [b]).

The plaintiffs' argument that Stallsworth and Bank of America waived the affirmative defense of lack of standing was not raised before the Supreme Court and, therefore, is not properly before this Court (*see Adsit v Quantum Chem. Corp.*, 199 AD2d 899, 900 [1993]; *Block v Magee*, 146 AD2d 730, 732 [1989]; *Matter of Paul v Foley*, 252 App Div 873 [1937]).

In light of our determination, we need not reach the parties' remaining contentions. Rivera, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.