Levy v Levy (2023 NY Slip Op 01892)

Levy v Levy

2023 NY Slip Op 01892

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-05292
 (Index No. 521295/17)

[*1]Linda Levy, etc., et al., respondents,
v
Eyal Levy, et al., appellants, et al., defendants.

Anthony M. Bramante, Brooklyn, NY, for appellants.
Korsinsky & Klein, LLP, Brooklyn, NY (Michael Korsinsky of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to set aside certain conveyances of real property and to impose a constructive trust, the defendants Eyal Levy, Erez Levy, Ofer Joe Levy, Rafael Levy, Coldstone 67, LLC, Firestone 69, LLC, Bridgestone 71, LLC, Rusty 73, LLC, Madison Parker 81, LLC, Morgan Rockstone 83, LLC, and 2600 McDonald, LLC, appeal from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated May 14, 2020. The order, insofar as appealed from, denied those defendants' motion pursuant to CPLR 3016(b) and 3211(a) to dismiss the amended complaint insofar as asserted against them, and granted the plaintiffs' cross-motion pursuant to CPLR 325 to transfer the action to the Surrogate's Court, Kings County.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendants Eyal Levy, Erez Levy, Ofer Joe Levy, Rafael Levy, Coldstone 67, LLC, Firestone 69, LLC, Bridgestone 71, LLC, Rusty 73, LLC, Madison Parker 81, LLC, Morgan Rockstone 83, LLC, and 2600 McDonald, LLC, pursuant to CPLR 3016(b) and 3211(a) to dismiss the amended complaint insofar as asserted against them is granted, and the plaintiffs' cross-motion pursuant to CPLR 325 to transfer the action to the Surrogate's Court, Kings County, is denied.
In this action, the plaintiffs are two of the six children of Mimon Levy (hereinafter the decedent), who died intestate in August 2017. The plaintiffs allege that their brothers, the defendants Eyal Levy, Erez Levy, Ofer Joe Levy, and Rafael Levy (hereinafter collectively the brother defendants), caused the decedent, shortly before his death, to transfer title to two parcels of real property, both located on Avenue V in Brooklyn (hereinafter together the subject properties), to Eyal Levy without consideration. The plaintiffs allege that the deeds conveying title to the subject properties were void by reason of the brother defendants' fraud and undue influence over the decedent. The plaintiffs further allege that, during his lifetime, the decedent orally created a family trust, whereby the decedent authorized the brother defendants to invest the decedent's funds in various properties and to manage those properties. The plaintiffs allege that, before his death, the decedent developed an estate plan whereby all of the real property he owned, and the proceeds therefrom, would be shared equally among the decedent's six children. The amended complaint purports to assert 12 causes of action, and seeks declaratory relief, permanent injunctive relief, to set aside certain conveyances as void, an accounting, and a money judgment. Some of the causes of action are asserted by the plaintiffs "in their derivative capacity on behalf of [the decedent's] estate," [*2]some are asserted by the plaintiffs in their individual capacity, and some are asserted in both capacities.
The brother defendants, together with the defendants Coldstone 67, LLC, Firestone 69, LLC, Bridgestone 71, LLC, Rusty 73, LLC, Madison Parker 81, LLC, Morgan Rockstone 83, LLC, and 2600 McDonald, LLC (hereinafter collectively the defendants), moved pursuant to CPLR 3016(b) and 3211(a) to dismiss the amended complaint insofar as asserted against them. The plaintiffs opposed the motion, and cross-moved, in the event that the Supreme Court determined that the plaintiffs lacked the capacity to sue in the Supreme Court, to transfer the action to the Surrogate's Court, Kings County, pursuant to CPLR 325. In an order dated May 14, 2020, the Supreme Court, inter alia, denied the defendants' motion and granted the plaintiffs' cross-motion. The defendants appeal.
"It is elementary that the executors or administrators represent the legatees, creditors and distributees in the administration of the estate; that their duty is to recover the property of the estate; and that the legatees and next of kin are concluded by their determination in respect to actions therefor and have no independent cause of action, either in their own right or the right of the estate" (McQuaide v Perot, 223 NY 75, 79-80). Here, the plaintiffs did not purport to commence this action as personal representatives of the decedent's estate. The plaintiffs lacked "letters of administration authorizing [them] to act at the key points when this action was commenced and an amended complaint . . . was served" (Gulledge v Jefferson County, 172 AD3d 1666, 1667). Absent extraordinary circumstances which are not present here, a beneficiary has no authority to act on behalf of an estate or to exercise a fiduciary's rights with respect to estate property (see McQuaide v Perot, 223 NY at 79; Stallsworth v Stallsworth, 138 AD3d 1102, 1102). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(3) to dismiss, insofar as asserted against them, the causes of action in the amended complaint asserted by the plaintiffs in their derivative capacity on behalf of the decedent's estate, as well as the causes of action asserted by the plaintiffs in their individual capacity as beneficiaries of the estate to recover assets of the estate (see McQuaide v Perot, 223 NY at 79; Gulledge v Jefferson County, 172 AD3d at 1667; Stallsworth v Stallsworth, 138 AD3d at 1103).
To the extent that the amended complaint could be construed as seeking to recover assets apart from those assets asserted to be part of the decedent's estate, such as assets that were part of a purported inter vivos trust, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against them for failure to state a cause of action. Contrary to the plaintiffs' contention, even when liberally construed and with every reasonable favorable inference accorded to the plaintiffs (see Leon v Martinez, 84 NY2d 83, 87-88), the amended complaint failed to allege facts sufficient to show that a constructive trust should be imposed upon any assets owned by the decedent during his lifetime (see Scarlett-Brown v Pilgrim Baptist Church, Inc., 208 AD3d 703, 705; Harounian v Harounian, 198 AD3d 734, 738; see also Sharp v Kosmalski, 40 NY2d 119, 122-123). Moreover, the court should have granted that branch of the defendants' motion which was pursuant to CPLR 3016(b) to dismiss the causes of action alleging fraud, breach of trust, and undue influence insofar as asserted against them, as those causes of action fail to state in sufficient detail the circumstances constituting the wrong (see CPLR 3016[b]; Thea v Thea, 284 AD2d 245, 245).
The plaintiffs' remaining contention is without merit.
DILLON, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court