Rappoport v Nye (2023 NY Slip Op 06224)

Rappoport v Nye

2023 NY Slip Op 06224

Decided on December 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2023

Before: Kern, J.P., Gesmer, Moulton, Kennedy, Higgitt, JJ. 

Index No. 653166/20 Appeal No. 1150 Case No. 2022-05146 

[*1]Jay Rappoport etc., Plaintiff-Appellant,
v
John Nye et al., Defendants, The Leiden Collection et al., Defendants-Respondents.

Clark Hill PLC, New York (Steven M. Richman of counsel), for appellant.
ARTxLAW PLLC, Kingston (John R. Cahill of counsel), for The Leiden Collection, Thomas S. Kaplan and Ilona Van Tuinen, respondents.
Cole Schotz, P.C., New York (Nolan E. Shanahan of counsel), for Nathaniel ("Ned") Landau, Steven Landau and Roger Landau, respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered July 7, 2022, which discontinued the action, and bringing up for review an order, same court and Justice, entered on or about July 4, 2022, which granted the motion of defendants The Leiden Collection, Thomas S. Kaplan, Ilona van Tuinen, Nathaniel (Ned) Landau, Steven Landau, and Roger Landau to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff is the son of nonparty Seymour Rappoport, who died in June 2015; Seymour, in turn, was the son of nonparty Minnie Rappoport, who died in November 1974 and was the owner of a signed Rembrandt painting. Plaintiff claims that Seymour's siblings stole the painting from Minnie's estate, and he seeks its return and a declaration of ownership, or, alternatively, money damages.
Plaintiff lacks standing to bring suit as either the successor administrator or a beneficiary of Seymour's estate. Although plaintiff has standing in his capacity as successor administrator to assert claims on behalf of Seymour's estate, the claims he seeks to assert, which arise from the alleged theft of property from Minnie during her lifetime, belong to Minnie's estate, not Seymour's. Therefore, they could not have been asserted by Seymour or his estate because Seymour was merely a beneficiary and not a personal representative of Minnie's estate (see Stallsworth v Stallsworth, 138 AD3d 1102, 1102-1103 [2d Dept 2016]). Plaintiff's argument that extraordinary circumstances empowered him to bring suit in his capacity as a beneficiary of Seymour's estate is not properly considered because it is fact-based rather than a question of law and was not raised before Supreme Court (see U.S. Bank N.A. v Jones, 167 AD3d 420, 421 [1st Dept 2018]; see also Stallsworth, 138 AD3d at 1103).
There is no merit to defendants' assertion that Supreme Court lacks subject matter jurisdiction over this action. Supreme Court is a court of general jurisdiction that is "competent to entertain all causes of action unless its jurisdiction has been specifically proscribed" (Sohn v Calderon, 78 NY2d 755, 766 [1991]), and there is no such proscription here (CPLR 325[e]; see also Benjamin v Morgan Guar. Trust Co., 173 AD2d 373, 374 [1st Dept 1991]). Furthermore, this issue is properly considered, as a court's lack of subject matter jurisdiction is not waivable, but may be raised at any stage
of the action (Financial Indus. Regulatory Auth., Inc. v Fiero, 10 NY3d 12, 17 [2008]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2023