Rodriguez v 21 Herkimer Mgt., LLC (2024 NY Slip Op 04089)

Rodriguez v 21 Herkimer Mgt., LLC

2024 NY Slip Op 04089

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2022-00235
 (Index No. 514041/20)

[*1]William Rafael Rodriguez, etc., appellant, 
v
21 Herkimer Management, LLC, respondent, et al., defendants. 

William Rafael Rodriguez, Brooklyn, NY, appellant pro se.
Ganfer Shore Leeds & Zauderer LLP, New York, NY (Mark A. Berman, Matthew A. Tobias, and Jason A. Ganfer of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty and to impose a constructive trust, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated December 2, 2021. The order granted the motion of the defendant 21 Herkimer Management, LLC, pursuant to CPLR 3211(a) to dismiss the complaint for lack of capacity to sue, and denied the plaintiff's cross-motion, among other things, for leave to amend the complaint to add defendants.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, as limited administrator of the estate of Rafael Rodriguez, Sr., inter alia, to recover damages for breach of fiduciary duty and to impose a constructive trust on real property sold by his father, Rafael Rodriguez, Sr. (hereinafter the decedent), to the defendant 21 Herkimer Management, LLC (hereinafter the defendant). The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint on the ground of lack of capacity to sue. The plaintiff cross-moved, among other things, for leave to amend the complaint to add defendants. By order dated December 2, 2021, the Supreme Court granted the defendant's motion and denied the plaintiff's cross-motion.
"Absent extraordinary circumstances which are not present here, a beneficiary has no authority to act on behalf of an estate or to exercise a fiduciary's rights with respect to estate property" (Levy v Levy, 215 AD3d 742, 744). Here, the Supreme Court correctly concluded that the plaintiff's limited letters of administration over the decedent's estate did not grant him the authority to commence this plenary action, and thus, the court properly directed dismissal of the complaint (see id.).
The plaintiff's remaining contentions are without merit.
Accordingly, we affirm the order appealed from.
IANNACCI, J.P., MALTESE, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court