| |
|---|
| **Matter of Mayer** |
| 2024 NY Slip Op 33579(U) |
| October 7, 2024 |
| Sur Ct, NY County |
| Docket Number: File No. 2016-3713/C |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

New York County Surrogate's Court
DATA ENTRY DEPT.
OCT 07 2024

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x
In the Matter of the Petition of MARIA MAYER in
the Estate of

        JOSEPHINE A. MAYER,

                Deceased,

For the Issuance of Limited Letters of Administration.
-----------------------------------------------------------------------x

DECISION and ORDER
File No.: 2016-3713/C

M E L L A, S.:

      This is an application by Maria Mayer (Petitioner) seeking limited letters of administration (SCPA 702) in the estate of her mother Josephine Mayer, so that she may commence a discovery proceeding to recover for the estate three properties that she claims were sold using invalid powers of attorney.

Background

      Decedent died on September 30, 2016, at the age of 89, survived by two daughters, Petitioner and Claudia Mayer. Under her Last Will and Testament, dated August 11, 2016, which was admitted to probate in this court without objection, decedent divided her estate into two shares with Claudia receiving one and Petitioner the other less a $1 million bequest to Petitioner's daughter. Letters testamentary issued on January 27, 2017, to the nominated executor, John T. Dunlap (Executor), described in the Will as decedent's "attorney and friend."

      The record reflects that, on July 6, 2016, decedent commenced a lawsuit against Petitioner in Supreme Court, Suffolk County, alleging trespass to real property and tortious interference with decedent's efforts to sell her property located at 109 Seafield Lane, Westhampton Beach, New York (Supreme Court Action). In the Order to Show Cause commencing the Supreme Court Action, the court allowed Petitioner permission to access the

[* 1]

109 Seafield Lane property to remove her belongings which permission was extended at least once. On July 20, 2016, decedent executed a power of attorney designating her real estate agent, James N. Hulme of Kelly and Hulme, to sell the 109 Seafield Lane Property and an adjacent property located at 111 Seafield Lane. This is one of the two powers of attorneys that Petitioner claims is invalid. On July 22, 2016, the properties were sold and on July 26, 2016, decedent filed a notice discontinuing the Supreme Court Action. The second power of attorney that Petitioner claims is invalid was executed on September 28, 2016. Through this power of attorney, decedent designated Raymond J. Dowd her agent to sell a third property located at 117 Seafield Lane. Mr. Dowd and the Executor are affiliated with the same firm. The sale of the 117 Seafield Lane property closed on September 29, 2016.

Almost six years after the decedent's Will was admitted to probate, Petitioner commenced the instant proceeding in which she seeks limited letters of administration for the purpose of challenging the 2016 sales on two grounds: (1) the notarized power of attorney forms used to effectuate the sales of decedent's properties were forged, and (2) decedent lacked testamentary capacity to execute such forms. Petitioner asserts that the Executor has failed or refused to bring a discovery proceeding pursuant to SCPA 2103 to recover the three properties because of a conflict of interest arising from the Executor's and/or his law firms involvement in the sales. Petitioner does not contend that the sale transactions were tainted, *i.e.*, that the purchasers did not act in good faith or that the properties were sold for less than their fair market value.

Discussion

The court, in its discretion, may award limited letters of administration to an individual "to represent the estate in a transaction in which the acting fiduciary could not or should not act

2

in his or her fiduciary capacity because of conflict of interest" or "[t]o commence and maintain any action or proceeding against the fiduciary, in his or her individual capacity, or against anyone else against whom the fiduciary fails or refuses to bring such a proceeding" (SCPA 702 [8] and [9]; *see Matter of Allen*, 37 Misc 3d 1205[A], 2012 NY Slip Op 51894 [U], at *3 [Sur Ct, Nassau County 2012] ["SCPA 702 is always addressed to the discretion of the court"]).

Here, upon review of the papers submitted in support and in opposition to the Petition, the court concludes that Petitioner has failed to establish that the prosecution of a turnover proceeding with respect to the three properties in question would be a reasonable use of estate assets, particularly given that Petitioner does not allege that the conditions of sale were unfavorable to decedent. In addition, Petitioner's submissions fail to demonstrate that the properties were sold against decedent's wishes. In fact, the record establishes that decedent commenced the Supreme Court Action to force Petitioner to remove her personal belongings from the 109 Seafield Lane Property so that the closing could go forward as scheduled.

Also militating against the issuance of limited letters of administration here are two other factors: First, decedent executed her Will three weeks after executing the first power of attorney and seven weeks before executing the second power of attorney. Yet, Petitioner did not object to the admission of decedent's will to probate on testamentary capacity grounds. Second, Petitioner's submissions do not offer a reasonable basis upon which to conclude that the Executor acted unreasonably in refusing to pursue the turnover proceeding in the circumstances here (*see McQuaide v Perot*, 223 NY 75 [1918] [holding that where fiduciary reasonably refused to sue, legatees had no independent action, individually, or on behalf of the estate]).

Finally, the court notes that, pursuant to an Order dated April 26, 2024, the court scheduled this matter for oral argument on June 4, 2024, in order "to inquire into the facts"

3

(SCPA 1004[1]) and to provide Petitioner with an opportunity to support her position. On June 3, 2024, however, Petitioner's counsel informed the court that she would not be appearing on that day at the request of her client.

Under these circumstances and in light of the unique facts of this case the court concludes that Petitioner has failed to persuade the court that the issuance of limited letters to pursue turnover of properties which were sold eight years ago to good faith purchasers is a proper exercise of its discretion (*see, e.g., Matter of Hirschfeld*, 2015 NY Slip Op 30601, at *4 [Sur Ct, New York County 2015], citing SCPA 702 [9]). The application is thus denied.

This decision constitutes the Order of the court.

Clerk to notify.

Date: October 7, 2024

_____
S U R R O G A T E

4

[* 4]