Feiner v Ostreicher (2025 NY Slip Op 04878)

Feiner v Ostreicher

2025 NY Slip Op 04878

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2021-00462
 (Index No. 502439/20)

[*1]Rivky Feiner, appellant, 
v
Chaim Ostreicher, etc., et al., respondents.

Storch Law, P.C., Brooklyn, NY (Zvi A. Storch of counsel), for appellant.
Heller, Horowitz & Feit, P.C., New York, NY (Eli Feit and Stuart A. Blander of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, conversion, and fraud, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated December 17, 2020. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff and the defendants are three of five children of Agnes Ostreicher (hereinafter the decedent). Prior to her intestate death in August 2015, the decedent allegedly settled a trust that named the defendants as trustees and called for the distribution of the majority of the corpus to them upon her death.
In January 2020, the plaintiff commenced this action against the defendants to recover damages for breach of fiduciary duty, conversion, and fraud, and for an accounting and a judgment declaring that the trust is invalid. The plaintiff alleged that the defendants had forged the trust instrument and fraudulently caused most of the decedent's assets to be transferred into the trust, thereby depriving the plaintiff of her share of the decedent's estate. The defendants thereafter moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated December 17, 2020, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"It is elementary that the executors or administrators represent the legatees, creditors and distributees in the administration of the estate; that their duty is to recover the property of the estate; and that the legatees and next of kin are concluded by their determination in respect to actions therefor and have no independent cause of action, either in their own right or the right of the estate" (McQuaide v Perot, 223 NY 75, 79; see Levy v Levy, 215 AD3d 742, 743). Here, the plaintiff, in her individual capacity, asserted causes of action to recover damages for conversion and fraud arising from the defendants' alleged fraudulent procurement of the trust and fraudulent transfer of property into the trust, which occurred prior to the decedent's death, and for a judgment declaring that the trust is invalid. Absent extraordinary circumstances that are not present here, "a beneficiary has no authority to act on behalf of an estate or exercise a fiduciary's rights with respect to estate property" [*2](Levy v Levy, 215 AD3d at 744; see Stallsworth v Stallsworth, 138 AD3d 1102, 1102). Accordingly, the Supreme Court properly granted dismissal of the causes of action for declaratory relief and to recover damages for conversion and fraud, as the plaintiff lacked standing to assert them (see Levy v Levy, 215 AD3d at 744).
A party may seek an accounting only if "he or she can establish 'the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest'" (LMEG Wireless, LLC v Farro, 190 AD3d 716, 720, quoting Gorunkati v Baker Sanders, LLC, 179 AD3d 904, 905-906). The elements of a cause of action to recover damages for breach of fiduciary duty are "'(1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct'" (Village of Kiryas Joel v County of Orange, 144 AD3d 895, 898, quoting Varveris v Zacharakos, 110 AD3d 1059, 1059). Therefore, to have standing to assert either cause of action, a plaintiff must have pled facts sufficient to allege the existence of a fiduciary relationship. "[A] 'fiduciary relationship arises between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation'" (Oddo Asset Mgt. v Barclays Bank PLC, 19 NY3d 584, 592-593, quoting Roni LLC v Arfa, 18 NY3d 846, 848). "A fiduciary relationship is 'necessarily fact-specific' and is also 'grounded in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions'" (id. at 593, quoting EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19). In general, "[a] fiduciary relationship may exist where one party reposes confidence in another and reasonably relies on the other's superior expertise or knowledge" (WIT Holding Corp. v Klein, 282 AD2d 527, 529; see Gall v Colon-Sylvain, 151 AD3d 698, 700-701).
Here, the Supreme Court properly determined that the plaintiff lacked standing to assert causes of action for an accounting and to recover damages for breach of fiduciary duty because the plaintiff failed to allege that a fiduciary relationship existed between the plaintiff and the defendants with respect to the disputed property (see Oddo Asset Mgt. v Barclays Bank PLC, 19 NY3d at 593). The plaintiff therefore lacked standing to assert causes of action for an accounting and to recover damages for breach of fiduciary duty (see Village of Kiryas Joel v County of Orange, 144 AD3d at 899; Shovak v Long Is. Commercial Bank, 50 AD3d 1118, 1120).
The parties' remaining contentions need not be reached in light of our determination.
MILLER, J.P., DOWLING, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court