■ Mars Productions Corp., Respondent, v U. S. Media Corp., Appellant.—Order, Supreme Court, New York County (Phyllis B. Gangel-Jacob, J.), entered February 13, 1990, which, *inter alia,* granted plaintiff summary judgment in the amount of $24,000 on its first two causes of action and otherwise denied plaintiff's motion, unanimously modified, on the law, to the extent of granting plaintiff's motion to the further extent of dismissing the third counterclaim, and the order is otherwise affirmed, with costs to plaintiff.

Judgment, Supreme Court, New York County (Phyllis B. Gangel-Jacob, J.), entered February 20, 1990, awarding plaintiff $29,694, unanimously affirmed.

In July 1986, plaintiff, a movie producer, and defendant, a movie distributor, entered into a series of licensing agreements, under which defendant's fee would be 20% of receipts. Defendant then arranged for the distribution of four movies covered by these agreements. Under circumstances which were not fully disclosed on the cross motions, one of these distribution agreements with a third party was changed to one between that third party and another distribution company. There is no dispute defendant has failed to remit any of the $40,000 in proceeds paid under these four distribution agreements.

Supreme Court properly granted summary judgment as to three movies on both breach of contract and moneys had and received theories. We agree that issues of fact precluding summary judgment were raised with respect to the fourth movie, including whether plaintiff or the nonparty distribution company which received the $10,000 payment actually owned the rights to that movie. Defendant's counterclaims were insufficient with respect to that part of plaintiff's claim which was conclusively established *(Illinois McGraw Elec. Co. v John J. Walters, Inc.,* 7 NY2d 874, *rearg denied* 7 NY2d

1054). Indeed, defendant's third counterclaim for return of moneys paid under a stipulation of settlement of a prior action between these same parties on grounds of defendant's mistake of fact should have been dismissed on plaintiff's motion for failure to state a cause of action *(Imero Fiorentino Assocs. v Green,* 85 AD2d 419). Concur—Milonas, J. P., Ellerin, Ross, Kassal and Rubin, JJ.