■ GERARD MALANGA, Respondent, v JOHN CHAMBERLAIN, Appellant. [896 NYS2d 385]—

In an action, in effect, for replevin and to recover damages for conversion, the defendant appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated August 13, 2008,

which denied his motion for summary judgment dismissing the complaint, and granted the plaintiff's cross motion for leave to amend the complaint to add causes of action.

Ordered that the order is affirmed, with costs.

The plaintiff is an artist, photographer, poet, and film maker who, from 1963 through 1970, was an assistant to the late artist, Andy Warhol, who died in 1987. One of the plaintiff's principal functions was to assist Warhol in the creation of silkscreen paintings. The defendant is a sculptor and painter whose work has been exhibited throughout the world for many years.

In or around late 1971, after leaving Warhol's employ, the plaintiff, with the help of two other artists, including Jim Jacobs, allegedly created more than 300 silkscreen portraits of the defendant on canvas panels in the style of Warhol (hereinafter the canvas panels), based upon a photograph of the defendant which the plaintiff had obtained from an art gallery. After the canvas panels were completed, they were left in Jacobs's possession. In late 1977 the defendant, at Jacobs's request, allegedly agreed to store the canvas panels in his loft.

The plaintiff alleged that, through the years, he was unaware of the location of the canvas panels. However, the plaintiff explained that, when he met the defendant at an art exhibition in 2004, the defendant allegedly informed him that the canvas panels had been sold. According to the defendant, the canvas panels had, in fact, been created by Warhol himself, who gave them to the defendant in exchange for certain artwork the defendant had created. The defendant asserted in an affidavit that he thereafter had the individual panels assembled into one piece of artwork, known as the "315 Johns." It was this piece of artwork that he allegedly sold in or around 2000 for several million dollars.

On December 27, 2005, the plaintiff commenced this action sounding in conversion and seeking the return of the canvas panels. The defendant moved for summary judgment dismissing the complaint on the ground, inter alia, that the cause of action alleging conversion was time-barred. The Supreme Court correctly denied that branch of the motion since the defendant failed to establish his prima facie entitlement to judgment as a matter of law on this ground (see Zuckerman v City of New York, 49 NY2d 557 [1980]). The controlling three-year statute of limitations for conversion and replevin (see CPLR 214 [3]; Solomon R. Guggenheim Found. v Lubell, 77 NY2d 311, 317 [1991]) runs from the earlier of the time when a defendant refuses to return the property after a demand, or the time when the de-

fendant disposes of the property (see Matter of White v City of Mount Vernon, 221 AD2d 345, 346 [1995]; Bernstein v La Rue, 120 AD2d 476, 477 [1986]; Johnson v Gumer, 94 AD2d 955 [1983]). Here, in correspondence from the plaintiff's attorney dated October 11, 2005, the plaintiff demanded that the defendant return the subject canvas panels to him. The plaintiff commenced the action only two months after the demand, on a date clearly within the applicable three-year period. While the defendant contended in his moving papers that the plaintiff's action was time-barred since the defendant sold the canvas panels by late 2000, he failed to conclusively establish that such a sale had occurred. The additional evidence regarding the purported sale, which the defendant submitted for the first time in his reply papers, was not properly before the court (see Voytek Tech. v Rapid Access Consulting, 279 AD2d 470, 471 [2001]).

In addition, the defendant argued that the action was barred by the equitable doctrine of laches. The Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the complaint on that ground since triable issues of fact exist as to whether the plaintiff's delay in making a demand and commencing this action was unreasonable and inexcusable (see Waldman v 853 St. Nicholas Realty Corp., 64 AD3d 585, 588 [2009]), and whether the delay resulted in prejudice to the defendant (see Martin v Briggs, 235 AD2d 192, 199 [1997]).

Contrary to the defendant's contention, the Supreme Court properly granted the plaintiff's cross motion for leave to amend the complaint to add causes of action. "In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (G.K. Alan Assoc., Inc. v Lazzari, 44 AD3d 95, 99 [2007], affd 10 NY3d 941 [2008]; see Unger v Leviton, 25 AD3d 689, 690 [2006]). Here, the proposed amendments were not palpably insufficient or patently devoid of merit, and the defendant failed to establish that he would be surprised or prejudiced by the amendment (see Gitlin v Chirinkin, 60 AD3d 901, 901-902 [2009]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Dillon, Eng and Roman, JJ., concur. **[Prior Case History: 20 Misc 3d 1134(A), 2008 NY Slip Op 51724(U).]**