■ TIMOTHY PARROTT et al., Respondents-Appellants, v LOGOS CAPITAL MANAGEMENT, LLC, et al., Appellants-Respondents. [936 NYS2d 194]—

This action against the corporate defendants, Logos Capital Management, LLC and Quix Partners, LLC, the investment advisor for and general partner of two hedge funds of which the individual defendant, Peter Sasaki, is the managing partner, arises from two one-page investment agreements between plaintiffs and Sasaki, both of which were drafted by Sasaki. Defendants maintain that Sasaki is not personally liable pursuant to the agreements while plaintiffs' affidavits state that it was the parties' intent that Sasaki be personally bound. The prefatory clauses do not state that Sasaki intended to execute the agreements on behalf of or as an agent for the defendant companies Logos and Quix; instead, the clauses state that Sasaki, sole owner of defendant Logos, sought to partner with plaintiffs to build the business of Logos and Quix. Sasaki was individually named throughout the agreements and was granted "the right of first refusal" should plaintiffs decide to sell their shares. Thus, since the agreements do not specify whether Sasaki executed the agreements in his individual capacity or as an agent on behalf of the corporate defendants, there is an ambiguity that requires the admission of parol evidence and raises an issue of fact precluding an award of judgment as a matter of law (*Rivera v St. Regis Hotel Joint Venture*, 240 AD2d 332 [1997]).

Further, the evidence that Sasaki threatened to close down the investment companies and the funds should plaintiffs attempt to exercise their contractual rights to sell their interests to any institutional investor on any terms, raises an issue of fact with respect to plaintiffs' claims for anticipatory repudia-

tion and breach of the implied duty of good faith and fair dealing (*see Computer Possibilities Unlimited v Mobil Oil Corp.*, 301 AD2d 70, 77 [2002], *lv denied* 100 NY2d 504 [2003]).

However, the motion court properly dismissed plaintiffs' claims for conversion and unjust enrichment, as "the existence of a valid contract governing the subject matter generally precludes recovery in quasi contract for events arising out of the same subject matter" (*Adelaide Prods., Inc. v BKN Intl. AG*, 38 AD3d 221, 225 [2007]). Plaintiffs' claim for tortious interference with prospective business relations was also properly dismissed, as, at a minimum, plaintiffs were unable to demonstrate that a contract would have been entered into with a prospective buyer "but for" defendant's conduct (*see Bankers Trust Co. v Bernstein*, 169 AD2d 400, 401 [1991]). Concur—Mazzarelli, J.P., Andrias, Saxe, Freedman and Román, JJ.