■ YARN TRADING CORP. et al., Respondents, v UNITED PADS & TRIM INC. et al., Appellants. [988 NYS2d 622]—

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered December 6, 2012, which denied defendants' motion for partial summary judgment seeking a declaration that plaintiffs, lessors of machinery equipment, lacked ownership rights in said equipment, and for summary judgment dismissing the action against the individual defendant, unanimously affirmed, with costs.

In this action for breach of the parties' one-year lease agreement for manufacturing equipment with an option to buy, there is a dispute regarding who is the rightful owner of the equipment. Plaintiffs allege that they purchased the equipment from the deceased owner's widow. Defendants allege that the equip-

ment is owned by the deceased's estate and that only they were authorized by the estate to use the equipment. The evidence submitted, including, inter alia, the individual plaintiff's (plaintiff corporation's principal) sworn statements, a bill of sale, and a check from plaintiff corporation made payable to the estate's subsequently appointed administrator, raises triable issues of fact as to whether the deceased's heirs should be estopped from contesting plaintiffs' alleged ownership of the deceased's business assets (*see generally Favill v Roberts*, 50 NY 222, 225-226 [1872]; *Ford v Livingston*, 140 NY 162, 167 [1893]), and, if so, whether defendants should be precluded from disclaiming their machinery lease obligations to plaintiffs.

The deposition testimony, affidavits, and lease agreement also raise triable issues as to whether the individual defendant negotiated, as well as signed, the lease agreement in his personal capacity or only as an agent on behalf of the corporate defendant (*see e.g. Parrott v Logos Capital Mgt., LLC*, 91 AD3d 488 [1st Dept 2012]; *Gullery v Imburgio*, 74 AD3d 1022 [2d Dept 2010]).

To the extent defendants contest a subsequent order, same court and Justice, entered January 16, 2014, which denied their motion denominated as one for renewal and reargument, they did not file a notice of appeal therefrom and, in any event, no appeal lies from the denial of reargument (*see DiPasquale v Gutfleish*, 74 AD3d 471 [1st Dept 2010]), and no new facts previously unavailable were offered to warrant renewal (CPLR 2221 [e]; *Rosado v Home Depot*, 4 AD3d 204 [1st Dept 2004]). Concur—Sweeny, J.P., Renwick, Andrias, Saxe and Kapnick, JJ.