Siegler v Lippe (2020 NY Slip Op 07234)





Siegler v Lippe


2020 NY Slip Op 07234


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
PAUL WOOTEN, JJ.


2019-00235
 (Index No. 703444/18)

[*1]Suzanne Siegler, etc., appellant, 
v
Barbara Kaye Nixon Tinkelman Lippe, etc., et al., respondents.


Sperber & Stein, LLP, Garden City, NY (Michelle S. Stein of counsel), for appellant.
Olshan Frome Wolosky LLP, New York, NY (Peter M. Sartorius of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for conversion and breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered November 26, 2018. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first, second, third, fourth, fifth, sixth, seventh, eighth, twelfth, and thirteenth causes of action, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action, inter alia, to recover damages for conversion and breach of fiduciary duty. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. They argued that the Supreme Court should direct dismissal of the complaint pursuant to CPLR 3211(a)(1), (5), and (7). In an order entered November 26, 2018, the Supreme Court granted the defendants' motion. The plaintiff appeals.
A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Creative Rest., Inc. v Dyckman Plumbing & Heating, Inc., 184 AD3d 803, 804). On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that is barred by the statute of limitations, the defendant bears the initial burden of establishing, prima facie, that the time in which to commence an action has expired, whereupon the burden shifts to the plaintiff to raise a question of fact (see Creative Rest., Inc. v Dyckman Plumbing & Heating, Inc., 184 AD3d at 804-805). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one (see Guggenheimer v Ginzburg, 43 NY2d 268, 275; Creative Rest., Inc. v Dyckman Plumbing & Heating, Inc., 184 AD3d at 804).
Applying these standards, we agree with the Supreme Court's determination to grant [*2]those branches of the defendants' motion which were to dismiss the ninth cause of action for an accounting, the tenth and eleventh causes of action for certain specific performance, and the fourteenth cause of action to recover damages for money had and received.
However, we disagree with the Supreme Court's determination to grant those branches of the defendants' motion which were to dismiss the first through seventh causes of action to recover damages for conversion. A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession (see Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50). Two key elements of conversion are the plaintiff's possessory right or interest in the property and the defendant's dominion over the property or interference with it, in derogation of the plaintiff's rights (see id. at 50). A cause of action to recover damages for conversion is subject to a three-year limitation period (see CPLR 214[3]; Obstfeld v Thermo Niton Analyzers, LLC, 168 AD3d 1080, 1083). For statute of limitations purposes, a cause of action to recover damages for conversion generally accrues when the conversion takes place (see Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex., 87 NY2d 36, 44). However, where possession is originally lawful, a conversion does not occur until the owner makes a demand for the return of the property and the person in possession of the property refuses to return it (see Matter of Rausman, 50 AD3d 909, 910). Here, in light of allegations concerning events that took place in 2016 and 2017, the defendants failed to meet their initial burden of demonstrating, prima facie, that the causes of action to recover damages for conversion are time-barred in this action commenced in 2018. Moreover, we reject the defendants' contentions, raised as alternative grounds for affirmance with respect to most of the causes of action to recover damages for conversion, that dismissal of these causes of action should be directed pursuant to CPLR 3211(a)(1) or (7). The documentary evidence presented in support of the motion failed to utterly refute the allegations, conclusively establishing a defense to these causes of action as a matter of law, and the defendants did not show that the plaintiff has no causes of action to recover damages for conversion.
Next, we disagree with the Supreme Court's determination to grant that branch of the defendants' motion which was to dismiss the eighth cause of action to recover damages for breach of fiduciary duty. The elements of a cause of action to recover damages for breach of fiduciary duty are the existence of a fiduciary relationship, misconduct by the defendant, and damages directly caused by the misconduct (see Mann v Sasson, 186 AD3d 823, 824). A cause of action for breach of fiduciary duty is governed by a three-year statute of limitations where, as here, the plaintiff seeks money damages only (see Dignelli v Berman, 293 AD2d 565, 565). The statute of limitations on a cause of action alleging a breach of fiduciary duty does not begin to run until the fiduciary has openly repudiated his or her obligation or the relationship has been otherwise terminated (see NM v Estate of Grainger, 171 AD3d 1197, 1198). Here, in light of allegations concerning events that took place in 2016 and 2017, the defendants failed to meet their initial burden of demonstrating, prima facie, that the cause of action to recover damages for breach of fiduciary duty is time-barred in this action commenced in 2018. Moreover, the documentary evidence presented in support of the motion failed to utterly refute the allegations, conclusively establishing a defense to this cause of action as a matter of law, and the defendants did not show that the plaintiff has no cause of action to recover damages for breach of fiduciary duty.
Additionally, we disagree with the Supreme Court's determination to grant that branch of the defendants' motion which was to dismiss the twelfth and thirteenth causes of action to recover damages for unjust enrichment. The theory of unjust enrichment lies as a quasi-contract claim and contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties (see Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516). The essential inquiry in an action for unjust enrichment is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered (see Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421). To adequately plead such a cause of action, a plaintiff must allege that the other party was enriched, at that party's expense, and that it is against equity and good conscience to permit the other party to retain what is sought to be recovered (see Georgia Malone & Co., Inc. v Rieder, 19 NY3d at 516). A three-year statute of limitations governs causes of action alleging unjust enrichment when the plaintiff is seeking monetary relief (see CPLR [*3]214[3]; Ingrami v Rovner, 45 AD3d 806, 808). The statute of limitations on such a cause of action begins to run on the occurrence of the wrongful act giving rise to the duty of restitution (see Ingrami v Rovner, 45 AD3d at 808). Here, in light of allegations concerning events that took place in 2016 and 2017, the defendants failed to meet their initial burden of demonstrating, prima facie, that the cause of action to recover damages for unjust enrichment is time-barred in this action commenced in 2018. Moreover, the documentary evidence presented in support of the motion failed to utterly refute the allegations, conclusively establishing a defense to these causes of action as a matter of law, and the defendants did not show that the plaintiff has no cause of action to recover damages for unjust enrichment.
The plaintiff's remaining contention is without merit.
BALKIN, J.P., LEVENTHAL, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court