# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued October 12, 2021        Decided December 3, 2021

No. 20-7078

AGUDAS CHASIDEI CHABAD OF UNITED STATES,
APPELLEE

v.

RUSSIAN FEDERATION, ET AL.,
APPELLEES

STATE DEVELOPMENT CORPORATION VEB.RF, FORMERLY
KNOWN AS VNESHECONOMBANK,
APPELLANT

---

Appeal from the United States District Court for
the District of Columbia
(No. 1:19-mc-00146)

---

*David Y. Livshiz* argued the cause for appellant. With him
on the briefs were *Timothy P. Harkness, Scott A. Eisman, Maria
Slobodchikova,* and *Elvira Sihvola.*

*Steven Lieberman* argued the cause for appellees. With
him on the brief was *Robert P. Parker.*

No. 20-7080

AGUDAS CHASIDEI CHABAD OF UNITED STATES,
APPELLEE

v.

RUSSIAN FEDERATION, ET AL.,
APPELLEES

TENEX-USA INCORPORATED,
APPELLANT

Appeal from the United States District Court for
the District of Columbia
(No. 1:05-cv-01548)

*Nicolle Kownacki* and *David Riesenberg* argued the causes for appellant. With them on the briefs were *Carolyn B. Lamm* and *Ena Cefo.*

*Steven Lieberman* argued the cause for appellees. With him on the brief was *Robert P. Parker.*

*Mark B. Feldman*, *Jack Blumenfeld*, and *Michelle Streifthau-Livizos* were on the brief for *amicus curiae* Former State Department Deputy Legal Advisor Mark B. Feldman in support of appellees.

Before: SRINIVASAN, *Chief Judge*, ROGERS, *Circuit Judge*, and SENTELLE, *Senior Circuit Judge*.

Opinion for the Court by *Circuit Judge* ROGERS.

*Rogers*, CIRCUIT JUDGE:  These appeals arise out of the efforts of appellee Chabad to recover 17th century religious materials taken in the 1900s.  Specifically as relevant here, Chabad served appellants with subpoenas seeking to identify whether either held assets that could be attached on the fines imposed by the district court when the Russian Federation and three of its affiliates failed to comply with an order to produce certain materials.  Both appellants moved to quash the subpoenas.  Neither, however, appealed the district court denials of their motions.  They each now attempt to appeal the district court denials of their efforts to present immunity defenses.  The court dismisses the appeal in No. 20-7078 and affirms the district court in No. 20-7080.

In No. 20-7078, the court has no jurisdiction to review either the December 2019 order denying appellant's motion to quash or the July 2020 order denying certification of the December order for interlocutory review.  The court also has no jurisdiction to review the December order as a collateral order pursuant to 28 U.S.C. § 1291 because the appeal was filed after the 30-day statutory deadline for appeal.  The district court denied in turn certification of the December order for interlocutory review, an essential prerequisite to this court's jurisdiction over an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and the statute does not contemplate appeals of such denials.  And the court denies mandamus review because there was an alternative avenue for review (the collateral order appeal that was filed too late).

In No. 20-7080, the court affirms the denial of relief pursuant to Federal Rule of Civil Procedure 60(b). As the district court concluded, the movant is not a "party or its legal representative" for purposes of bringing a motion for relief under Rule 60(b) to seek vacatur of the underlying default judgment and the sanctions order against the Russian Federation.

## I.

Chabad Chasidism is a religious movement that traces its roots to the 18th century when Rabbi Schneur Zalman established religious and educational activities in Russia. A series of 20th century geopolitical events — World War I, the Bolshevik Revolution, the Russian Civil War, and World War II — forced leaders of Chabad Chasidism to flee Russia, first to Latvia, then to Poland, and ultimately to the United States. In 1940, Agudas Chasidei Chabad of the United States ("Chabad") was incorporated under New York law and has been attempting to recover materials taken from its religious community.

In 2004, Chabad sued the Russian Federation and three of its Russia-based affiliates (together, "Russia") in the United States District Court for the Central District of California. That court transferred the case here. In 2006, the U.S. District Court for the District of Columbia entered a partial judgment for Russia, granting its motion to dismiss the claim to the Library Materials. *Agudas Chasidei Chabad of United States. v. Russian Federation*, 466 F. Supp. 2d 6, 31 (D.D.C. 2006). This court reversed regarding the Library Materials and otherwise affirmed. *Agudas Chasidei Chabad of United States v. Russian Federation*, 528 F.3d 934, 955 (D.C. Cir. 2008) ("*Chabad I*"). Upon returning to the district court, Russia eventually withdrew from the case. The district court entered a default judgment

against Russia in 2010, ordering it to return the materials to Chabad. *Agudas Chasidei Chabad of United States v. Russian Federation*, 729 F. Supp. 2d 141, 148 (D.D.C. 2010). When Russia failed to comply, the district court authorized Chabad to enforce the default judgment by attachment, *Agudas Chasidei Chabad of United States v. Russian Federation*, 798 F. Supp. 2d 260, 274 (D.D.C. 2011), and imposed daily fines to encourage compliance, *Agudas Chasidei Chabad of United States v. Russian Federation*, 915 F. Supp. 2d 148, 155 (D.D.C. 2013). In 2015, the district court entered a judgment for Chabad in the amount of the accrued fines. *Agudas Chasidei Chabad of United States v. Russian Federation*, 128 F. Supp. 3d 242, 249 (D.D.C. 2015).

Chabad thereafter served third-party post-judgment subpoenas on a number of entities that it considered to have a connection to the Russian Federation. As relevant, it sought discovery from two entities located in the United States to determine the nature of their relationship to the Russian Federation and whether they held its attachable assets. In No. 20-7078, Chabad subpoenaed the State Development Corporation VEB (hereinafter, "VEB"); in No. 20-7080, Chabad subpoenaed Tenex-USA (hereinafter, "Tenam"). VEB is a self-proclaimed "instrumentality" of the Russian Federation, which asserts that it functions as the Russian Federation's equivalent to the U.S. "Export-Import Bank" and alleges that it is organized under the Federal Laws of the Russian Federation. Tenam is incorporated in the State of Maryland and is wholly owned "indirectly" by the Russian Federation. Decl. of Fletcher Newton of Non-Party Tenex USA Inc. ¶¶ 6-8 (Apr. 11, 2019); Br. of Appellant at v (corporate disclosure). Neither VEB nor Tenam participated in the underlying litigation filed in 2004 by Chabad against Russia.

Individually, VEB and Tenam filed motions to quash Chabad's subpoenas. The district court denied their motions. Order, at 1 (Dec. 20, 2019); Mem. Order, at 8 (Dec. 20, 2019). Neither VEB nor Tenam appealed the denial of its motion to quash. Instead, VEB sought to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), alleging it had immunity from suit that was independent of the Russian Federation's immunity. The district court denied VEB's request. Order, at 1 (July 28, 2020). Tenam, instead, moved for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) of the district court's 2010 default judgment and its 2015 sanctions order, arguing in part that the court had never addressed the Russian Federation's claim of immunity. The district court denied Tenam's motion based on the plain text of Rule 60(b) referring to "a party or its legal representative" as proper persons to seek Rule 60(b) relief. Tenam was neither. In addition, the district court confirmed that its denial of immunity to the Russian Federation had been affirmed by this court in *Chabad I*, 528 F.3d at 955. *See* Mem. Order, at 3 (July 28, 2020).

VEB appeals the district court's denial of its motion to certify an issue for interlocutory appeal pursuant to Section 1292(b), and, alternatively, requests this court to treat its appeal as a petition for a writ of mandamus. It also seeks this court's review of the district court's denial of its motion to quash. Tenam appeals the denial of its Rule 60(b) motion. For the following reasons this court dismisses VEB's appeal for lack of jurisdiction, denies its request for mandamus relief, and affirms the district court in Tenam's appeal.

## II.

VEB's appeal, No. 20-7078, invokes 28 U.S.C. § 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order . . . .

There are two requirements for establishing appellate jurisdiction pursuant to 28 U.S.C. § 1292(b). *First*, "the district court must certify that the interlocutory order 'involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1708 (2017). "Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals." *Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1136 (D.C. Cir. 2004) (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995)). A leading commentary has explained:

> Participation of the district court in certifying permissive interlocutory appeals is the indispensable first step of [a] Section 1292(b) appeal. . . . The initial determination that appeal is desirable is confided to the discretion of the district judge, relying on the criteria specified in the statute. Many cases have ruled that no appeal is available unless the district judge enters the order, and they are right both in terms of the

clear language of the statute and the clear purpose of its history.

16 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3929 (3d ed. 2021) (footnotes omitted). *Second*, "[t]he court of appeals may then, 'in its discretion, permit an appeal to be taken from such order.'" *Microsoft Corp.*, 137 S. Ct. at 1708 (quoting 28 U.S.C. § 1292(b)).

VEB's appeal fails to meet the indispensable first requirement of Section 1292(b). The district court denied VEB's motion for leave to file an interlocutory appeal. Section 1292(b) does not contemplate appellate review of a district court's threshold decision about whether to certify a question for appeal. VEB also requests that this court treat the district court's denial of certification under Section 1292(b) as a collateral order because that denial had the effect of abrogating VEB's immunity. In *Briggs v. Goodwin,* 569 F.2d 10, 26 n.14 (D.C. Cir. 1977); *id.* at 60 (Wilkey, J., dissenting), the court unanimously agreed that "the collateral order doctrine was not intended to be employed as a vehicle for appellate revision of the essential determination committed by Congress to the District Court." The court therefore lacks jurisdiction to consider VEB's jurisdictional contention.

VEB's alternative request to treat its appeal as a petition for a writ of mandamus fares no better. Mandamus is a "drastic and extraordinary remedy" and "only exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion will justify [its] invocation." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 729 (D.C. Cir. 2012) (citations and internal quotation marks omitted). In *Cheney v. District Court for District of Columbia*, 542 U.S. 367, 380-81 (2004), the Supreme Court identified three

requirements that must be satisfied: (1) there must be "no other adequate means to attain the relief [the petitioner] desires"; (2) "the petitioner must satisfy the burden of showing that [its] right to issuance of the writ is clear and indisputable"; and (3) "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* at 380-81 (citations and internal quotation marks omitted). Because VEB fails to meet the first requirement, its request for mandamus relief must be denied.

VEB had the opportunity to raise its sovereign-immunity claim through an appeal pursuant to 28 U.S.C. § 1291 of the district court's denial of its motion to quash. To the extent that VEB states that it was unsure of whether it could challenge the discovery subpoena through such an immunity defense, Oral Arg., at 8:30-45; 10:20-11:50 (Oct. 12, 2021), its own citations show that a jurisdictional objection is the type of issue that could have been raised. For instance, in *Phoenix Consulting Inc. v. Republic of Angola*, 216 F.3d 36, 38-39 (D.C. Cir. 2000), cited by VEB, Angola relied on Section 1291 to appeal from the district court's denial of its motion to dismiss for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act.

VEB also requests that this court review the district court's denial of its motion to quash. VEB does not dispute that it failed to timely appeal that denial. Rather, VEB maintains that it could still seek review once another appealable order is entered, namely the order denying certification pursuant to Section 1292(b). The court has no occasion to consider that argument because, for the reasons explained, the order denying Section 1292(b) certification is not an appealable order.

### III.

Turning to Tenam's appeal, No. 20-7080, Federal Rule of Civil Procedure 60(b) provides, in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . .

Tenam did not appeal the district court's denial of its motion to quash Chabad's subpoena and instead sought vacatur, pursuant to Rule 60(b), of the 2010 default judgment and the 2015 sanctions order against the Russian Federation. The district court concluded that Tenam did not qualify as a Rule 60(b) movant because it was neither "a party or its legal representative" in the underlying litigation commenced by Chabad in 2004. *See* Mem. Order, at 3.

In fact, Tenam did not participate in any way in the underlying 2004 litigation resulting in the judgments it seeks to have vacated. Neither does Tenam make a plausible argument that it is even currently proceeding as the legal representative of the Russian Federation. Because the Federal Rules of Civil Procedure are to be accorded "their plain meaning," *Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 123 (1989), the district court did not err in denying Tenam Rule 60(b) relief, *see Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988). The district court quoted a leading hornbook stating: "The reference to a party's legal representative has been construed to refer solely to persons who effectively stand in the shoes of a party, such as a trustee or guardian." Mem. Op., at 16 (Nov. 6. 2020) (quoting 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2852 (3d ed. 2012)). As this court recognized in *Ratner v. Bakery &*

*Confectionery Workers International Union*, 394 F.2d 780, 782 (D.C. Cir. 1968), "Rule 60(b) by its own terms is available only to 'a party or [its] legal representative' seeking relief from a final judgment."

Tenam's reliance on the narrow exception in *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 188 (2d Cir. 2006), is misplaced. In that case, the "plaintiffs enter[ed] into a settlement agreement with a judgment-proof, *pro se* defendant with the intent . . . to collect from a third party that allegedly received fraudulent conveyances," and "[the plaintiffs] attempt[ed] to use the judgment as a predicate for a fraudulent conveyance action against the third party." *Id.* at 188. That is far from the instant case, where no such fraud or deception of the court occurred. The *Grace* exception therefore does not apply.

Accordingly, appeal No. 20-7078 is dismissed for lack of jurisdiction, and the district court's judgment in appeal No. 20-7080 is affirmed.