DeGroat v Whalen (2022 NY Slip Op 00401)





DeGroat v Whalen


2022 NY Slip Op 00401


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
LARA J. GENOVESI, JJ.


2018-02952
 (Index Nos. 33896/15, 33897/15, 33898/15, 33899/15, 33901/15, 33902/15, 33903/15, 33904/15, 33905/15, 33906/15, 33907/15)

[*1]Stephen DeGroat, etc., et al., respondents,
v
Paul Whalen, appellant. (Action No. 1)
Stephen DeGroat, etc., et al., respondents,
v
John Maloney, appellant. (Action No. 2.)
Stephen DeGroat, etc., et al., respondents,
v
Noramie Jasmin, appellant. (Action No. 3.)
Stephen DeGroat, etc., et al., respondents,
v
Christopher P. St. Lawrence, appellant. (Action No. 4.)
Stephen DeGroat, etc., et al., respondents,
v
Bernard L. Jackson, appellant. (Action No. 5.)
Stephen DeGroat, etc., et al., respondents,
v
Demeza Delhomme, appellant. (Action No. 6.)
Stephen DeGroat, etc., et al., plaintiffs,
v
George Darden, defendant. (Action No. 7.)
Stephen DeGroat, etc., et al., respondents,
v
Craig Flanagan, appellant. (Action No. 8.)
Stephen DeGroat, etc., et al., respondents,
v
Daniel O'Leary, appellant.
(Action No. 9.)
Stephen DeGroat, etc., et al., plaintiffs,
v
Mark Reimer, defendant. (Action No. 10.)
Stephen DeGroat, etc., et al., plaintiffs,
v
Thomas Kleiner, defendant. (Action No. 11.)


Stepanovich Law, LLP, Nanuet, NY (Dennis E. A. Lynch of counsel), for appellants.
Thomas E. Humbach, County Attorney, New City, NY, for respondents.



DECISION & ORDER
In related actions, in effect, for money had and received, the defendants in Action Nos. 1, 2, 3, 4, 5, 6, 8, and 9 appeal from an order of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated December 21, 2017. The order, insofar as appealed from, granted those branches of the plaintiffs' motion which were for summary judgment on the complaints in Action Nos. 1, 2, 4, 5, 6, 8, and 9, and the amended complaint in Action No. 3, and denied those branches of the defendants' motion which were, inter alia, for summary judgment dismissing the complaints in Action Nos. 1, 2, 4, 5, 6, 8, and 9, and the amended complaint in Action No. 3.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Paul Whalen, John Maloney, Noramie Jasmin, Christopher P. St. Lawrence, Bernard L. Jackson, Demeza Delhomme, Craig Flanagan, and Daniel O'Leary, the defendants in Action Nos. 1, 2, 3, 4, 5, 6, 8, and 9, respectively (hereinafter collectively the appellants), were at all relevant times elected public officials in Rockland County. Pursuant to their duties as elected officials, the appellants also served on the Board of Commissioners of Rockland County Sewer District No. 1 (hereinafter the Sewer Board). At various points from 2009 to 2015, the appellants received compensation for their services rendered on the Sewer Board despite a provision of the Rockland County Code that prohibited such payments.
In August 2015, the plaintiffs, Stephen DeGroat, as Commissioner of the Rockland County Department of Finance, and the County of Rockland, commenced actions against, among others, the appellants to recover the compensation they received from the Sewer Board on the basis that such payments were made in violation of Rockland County Code § 165-5(E). The plaintiffs moved, inter alia, for summary judgment on the complaints and the amended complaint asserted against the appellants. The appellants, together with the defendants in the other related actions, opposed the plaintiffs' motion and moved, inter alia, for summary judgment dismissing the complaints and the amended complaint asserted against the appellants. In an order dated December 21, 2017, the Supreme Court granted the plaintiffs' motion and denied the appellants' motion.
The Supreme Court properly granted those branches of the plaintiffs' motion which were for summary judgment on the complaints and the amended complaint asserted against the appellants, and denied those branches of the appellants' motion which were for summary judgment dismissing the complaints and the amended complaint asserted against them. Although the court characterized the instant actions as sounding in replevin, the gravamen of the instant actions is the plaintiffs' allegations that the appellants received compensation from the County in violation of Rockland County Code § 165-5(E). Such allegations are properly characterized as actions for money had and received (see Matter of Cromwell Towers Redevelopment Co. v City of Yonkers, 41 NY2d 1, 4; Board of Educ. of Sachem Cent. School Dist. at Holbrook v Jones, 205 AD2d 486, 486; Town of Putnam Val. v Slutzky, 259 App Div 824, 824, revd on other grounds, 283 NY 334; Brewer v State of New York, 176 Misc 2d 337, 339 [Ct Cl]). "The essential elements of a cause of action for money had and received are (1) the defendant received money belonging to the plaintiff, (2) the defendant benefitted from receipt of the money, and (3) under principles of equity and good conscience, the defendant should not be permitted to keep the money" (Goel v Ramachandran, 111 AD3d 783, 790; see Litvinoff v Wright, 150 AD3d 714, 716). To be entitled to summary judgment on a cause of action for money had and received, the plaintiff must demonstrate, prima facie, that the defendant received sums of money to which the plaintiff is entitled (see State of New York v International Asset Recovery Corp., 56 AD3d 849, 852-853). Triable issues of fact regarding the rightful owner of the funds in question preclude a grant of summary judgment (see Mars Prods. Corp. v U.S. Media Corp., 169 AD2d 550, 550).
The plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law by presenting undisputed evidence that the appellants received compensation in violation of the then current version of Rockland County Code § 165-5(E), which prohibited compensation to commissioners who served on the Sewer Board pursuant to their duties as elected officials (see Matter of Parrino v Albertson Water Dist., 118 AD3d 802, 803). In opposition, the appellants failed to raise a triable issue of fact as to whether the County Legislature impliedly repealed or modified Rockland County Code § 165-5(E) by adopting budgets for the years 2009 through 2015 that appropriated funding for positions denominated as either "Sewer Commissioner" or "Sewer Commissioner RLF" (see Matter of City of Schenectady v New York State Pub. Empl. Relations Bd., 30 NY3d 109, 117; Matter of Town of Brookhaven v New York State Bd. of Equalization & Assessment, 88 NY2d 354, 361; Matter of New York Pub. Interest Research Group v Dinkins, 83 NY2d 377, 386). "Repeal by implication is distinctly not favored in the law" (Alweis v Evans, 69 NY2d 199, 204). Here, the budgets are silent as to any intent to modify Rockland County Code § 165-5(E) (see Matter of New York Pub. Interest Research Group v Dinkins, 83 NY2d at 386), there is no express statutory conflict between the budgets and Rockland County Code § 165-5(E), and it is not impossible to give effect to both (see Matter of City of Schenectady v New York State Pub. Empl. Relations Bd., 30 NY2d at 117).
The appellants' remaining contentions are without merit.
DUFFY, J.P., CONNOLLY, HINDS-RADIX and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court