Sunyoung Jung v Reiner & Kaiser Assoc. (2023 NY Slip Op 04961)

Sunyoung Jung v Reiner & Kaiser Assoc.

2023 NY Slip Op 04961

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-04775
 (Index No. 716240/18)

[*1]Sunyoung Jung, etc., appellant, 
v
Reiner & Kaiser Associates, et al., defendants, Lauren Rosen, etc., et al., respondents.

Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, Kew Gardens, NY (Dustin Bowman and Matthew J. Routh of counsel), for appellant.
Graubard Miller, New York, NY (Lawrence D. Bernfeld and Caryn L. Marcus of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered May 14, 2020. The order, insofar as appealed from, granted those branches of the motion of the defendants Lauren Rosen, as trustee of Lauren Rosen Revocable Trust, Cynthia Knight, Arlene Putterman, David McGinnis, and Richard Putterman which were pursuant to CPLR 3211(a) to dismiss so much of the cause of action alleging conversion as sought to recover funds allegedly converted prior to October 24, 2015, and the cause of action alleging breach of contract insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 1967, Warren H. Reiner and Ray Kaiser formed Reiner & Kaiser Associates (hereinafter the partnership) in order to acquire, own, and develop property in Forest Hills. Reiner and Kaiser signed a partnership agreement that allocated them each a 50% share of the partnership. In the early 1980s, Reiner retained Steven Dym of Gabriel Management Corp. to manage properties for the partnership.
Reiner died in 2000. Pursuant to the partnership agreement and his will, Reiner's 50% interest in the partnership was conveyed in varying percentages to the Lauren Rosen Revocable Trust, Cynthia Knight, Martin Selikoff, Mark Fleischman, Denise Fleischman, Arlene Putterman, and Richard Putterman.
In 2010, David McGinnis began to manage the assets of the partnership on behalf of Lauren Rosen. McGinnis, Lauren Rosen, and her husband Lester Rosen allegedly directed Dym to pay McGinnis $1,500 monthly as a management fee. The plaintiff asserts that in January 2011, Kaiser discovered that McGinnis was receiving a monthly management fee and demanded the same monthly fee, which he received from February 2011 until December 2012. Due to a judgment against him in an unrelated action, Kaiser's $1,500 fee and 50% distribution were retained in Dym's escrow account until December 2017.
In July 2015, Kaiser died, and the plaintiff was appointed the administrator of his estate. In October 2018, the plaintiff commenced this action against, among others, Lauren Rosen, as trustee of Lauren Rosen Revocable Trust, Knight, Arlene Putterman, McGinnis, and Richard Putterman (hereinafter collectively the defendants), alleging, inter alia, conversion and breach of contract, based on a breach of a verbal partnership agreement. The defendants thereafter moved, among other things, pursuant to CPLR 3211(a) to dismiss, as time-barred, so much of the cause of action alleging conversion as sought to recover funds allegedly converted prior to October 24, 2015, and the cause of action alleging breach of the verbal partnership agreement insofar as asserted against them. In an order entered May 14, 2020, the Supreme Court, inter alia, granted those branches of the defendants' motion. The plaintiff appeals.
On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, the defendant bears the initial burden of establishing, prima facie, that the time in which to bring that cause of action has expired, whereupon the burden shifts to the plaintiff to raise a question of fact (see Siegler v Lippe, 189 AD3d 903, 904). Pursuant to CPLR 214(3), "[a] cause of action to recover damages for conversion is subject to a three-year limitation period" (Siegler v Lippe, 189 AD3d at 904). A cause of action alleging conversion "accrues and the limitations period begins to run on the date the conversion allegedly occurred" (Matter of Asch, 164 AD3d 787, 788). However, "where possession is originally lawful, a conversion does not occur until the owner makes a demand for the return of the property and the person in possession of the property refuses to return it" (Siegler v Lippe, 189 AD3d at 904).
Here, the defendants established, prima facie, that so much of the cause of action alleging conversion as sought to recover funds allegedly converted prior to October 24, 2015, three years prior to the commencement of this action, is time-barred (see Mohrman v Johns, 210 AD3d 1075, 1077). In opposition, the plaintiff failed to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable (see id. at 1077). The plaintiff's contention that the statute of limitations began to run when she sent the defendants a default notice is improperly raised for the first time on appeal, and, thus, is not properly before this Court (see HSBC Bank USA v Rinaldi, 177 AD3d 583, 585).
A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). On a motion pursuant to CPLR 3211(a)(7), the court should accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one (see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
A cause of action alleging breach of a partnership agreement "must allege the existence of a contract, the plaintiff's performance under the contract, the defendant's failure to perform under the contract, and resulting damages" (Lewis & Murphy Realty, Inc. v Colletti, 187 AD3d 731, 733).
Here, the written partnership agreement submitted by the defendants, which includes an integration clause, utterly refutes the plaintiff's allegations of an enforceable verbal agreement. The plaintiff concedes that the partnership was formed pursuant to a written agreement and does not dispute that the agreement was fully integrated. The plaintiff's contention that the allegation in the complaint describing a verbal partnership agreement was a minor pleading error is improperly raised for the first time on appeal (see Mohrman v Johns, 210 AD3d at 1076).
Accordingly, we affirm the order insofar as appealed from.
BRATHWAITE NELSON, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court