**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-1642**

_____

LEONARD W. HOUSTON,

        Plaintiff - Appellant,

    v.

UNITED STATES OF AMERICA,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:23-cv-01202-BO-RN)

_____

Submitted:  August 22, 2024            Decided:  November 20, 2024

_____

Before WILKINSON, WYNN, and RICHARDSON, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Leonard W. Houston, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonard W. Houston seeks to appeal the district court's text order denying his motion for certification under 28 U.S.C. § 1292(b), which the court entered in Houston's pending action under the Camp Lejeune Justice Act of 2022, Pub. L. No. 117-168, § 804, 136 Stat. 1802, 1802-04 (2022). This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). The order Houston seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. *See, e.g.*, *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 19 F.4th 472, 476 (D.C. Cir. 2021) ("Section 1292(b) does not contemplate appellate review of a district court's threshold decision about whether to certify a question for appeal."); *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 353 (2d Cir. 2011) ("[A]n [o]rder denying § 1292(b) certification is not appealable." (internal quotation marks omitted)).

Accordingly, we dismiss the appeal for lack of jurisdiction and deny Houston's motion for judicial notice.* We dispense with oral argument because the facts and legal

---

\* We note that "[i]n this circuit, a petition for a writ of mandamus is the proper way to challenge the denial of a jury trial." *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007). For that reason, if such a petition would be fruitful, we might be inclined to construe Houston's notice of appeal as a petition for a writ of mandamus, given Houston's pro se status. *E.g.*, *Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so[, for example,] in order to avoid an unnecessary dismissal[.]" (citations omitted)); *Simmons v. Whitaker*, 106 F.4th 379, 387 (4th Cir. 2024) ("*[P]ro se* documents are to be liberally construed."); *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022) ("In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, (Continued)

contentions are adequately presented in the materials before this court and argument would

not aid the decisional process.

*DISMISSED*

---

such as incorrect labels or lack of cited legal authority."). However, this Court recently rejected a petition of mandamus in a highly similar case. *See In re McBrine*, No. 24-1542 (4th Cir. Aug. 23, 2024) (unpublished order) (rejecting counseled petition for writ of mandamus seeking to overturn the district court's order striking a demand for a jury trial in another case brought under the Camp Lejeune Justice Act, after the district court denied a motion for certification of an interlocutory appeal). So we decline to exercise our discretion to construe Houston's filing as a petition for a writ of mandamus.