Real World Holdings, LLC v 393 W. Broadway (2025 NY Slip Op 01303)

Real World Holdings, LLC v 393 W. Broadway

2025 NY Slip Op 01303

Decided on March 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 06, 2025

Before: Renwick, P.J., Gesmer, Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 160732/15|Appeal No. 3843|Case No. 2024-3345|

[*1]Real World Holdings, LLC, Plaintiff-Appellant-Respondent,
v
393 West Broadway, et al., Defendants-Respondents-Appellants.

J. Mark Lane, P.C., Larchmont (J. Mark Lane of counsel), for appellant-respondent.
Smith Buss & Jacobs, New York (Jacqueline Aiello of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered May 1, 2024, which, to the extent appealed from, granted defendants' motion to dismiss the cause of action for conversion (the twenty-fourth cause of action), unanimously affirmed, without costs. Defendants' appeal from aforementioned order, unanimously dismissed, without costs, as abandoned.
The motion court properly dismissed plaintiff's twenty-fourth cause of action alleging conversion. Here, plaintiff's cause of action for conversion is really one for interference with its rights of ownership and possession of real property— namely, the apartment and private roof area, to which plaintiff has rights through the proprietary lease. The claim must fail because no claim for conversion will lie for interference with an interest in real property (see B&C Realty, Co. v 159 Emmut Props. LLC, 106 AD3d 653, 656 [1st Dept 2013]).
Moreover, the claim for conversion is based on rights governed by the proprietary lease and roof purchase agreement. Thus, the existence of these valid, written agreements governing the same subject matter precludes a claim for conversion, as a quasi contract claim (see Parrott v Logos Capital Mgt., LLC, 91 AD3d 488, 489 [1st Dept 2012]).
Furthermore, the law of the case did not require the court to deny the motion to dismiss the conversion claim, even though it had previously granted plaintiff's motion to amend the complaint to add a new cause of action for conversion. Law of the case is a discretionary doctrine when it involves a court reconsidering its own prior order (see Cobalt Partners, L.P. v GSC Capital Corp., 97 AD3d 35, 39 [1st Dept 2012]). The standard for facial sufficiency of an amendment is "demonstrably different from the standards applied to" a motion to dismiss (Daniels v Empire-Orr, Inc., 151 AD2d 370, 371 [1st Dept 1989])
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 6, 2025