Agudas Chasidei Chabad of United States v Simpson (2025 NY Slip Op 03694)

Agudas Chasidei Chabad of United States v Simpson

2025 NY Slip Op 03694

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2024-00320
 (Index No. 526373/22)

[*1]Agudas Chasidei Chabad of United States, appellant,
v
Avrohom Simpson, etc., et al., respondents.

Koffsky Schwalb LLC (Efrem Schwalb and Rothwell Figg Ernst & Manbeck, P.C., Purchase, NY [Steven Lieberman and Jeffrey A. Lindenbaum], of counsel), for appellant.
Edward N. Gewirtz, P.C., Brooklyn, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for conversion, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated September 7, 2023. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint is denied.
Founded in 1940, the plaintiff, Agudas Chasidei Chabad of United States, is a nonprofit religious corporation, which serves as the policymaking and umbrella organization for Chabad-Lubavitch Chasidism, "a worldwide Chasidic spiritual movement, philosophy, and organization founded in Russia in the late 18th century" (Agudas Chasidei Chabad of U.S. v Russian Fedn., 528 F3d 934, 938 [DC Cir]; see Agudas Chasidei Chabad of United States v Russian Fedn., 19 F4th 472, 474 [DC Cir]). "Today, the movement is headquartered in Crown Heights, Brooklyn" (Vaad L'Hafotzas Sichos, Inc. v Kehot Pub. Socy., 935 F Supp 2d 595, 597 [ED NY]; see Merkos L'Inyonei Chinuch, Inc. v Sharf, 59 AD3d 403, 405). From 1950 until his death in June 1994, Rabbi Menachem Mendel Schneerson (hereinafter the Rebbe) served as the Rebbe, the leader of the movement (see Merkos L'Inyonei Chinuch, Inc. v Otsar Sifrei Lubavitch, Inc., 312 F3d 94, 99 [2d Cir]; Vaad L'Hafotzas Sichos, Inc. v Kehot Pub. Socy., 935 F Supp 2d at 598). During that period, the Rebbe wrote thousands of letters in response to requests for blessings and advice, and carbon copies thereof were preserved (hereinafter the correspondence archive). Rabbi Sholom Simpson (hereinafter the decedent), who died in August 2019, served as one of the Rebbe's secretaries and managed the correspondence archive on the Rebbe's behalf.
In 2022, the plaintiff commenced this action against the defendants, the decedent's adult children. In the complaint, the plaintiff alleged that, in the Rebbe's last will and testament, he bequeathed his residuary estate, including the correspondence archive, to the plaintiff. According to the plaintiff, the defendant Avrohom Simpson (hereinafter Avrohom), at some point after the decedent died in August 2019, assumed possession of the correspondence archive "without authorization" from the plaintiff, and the defendants declined requests to return the correspondence archive to the plaintiff. As a result, the plaintiff asserted, inter alia, causes of action to recover [*2]damages for conversion and trespass to chattels and for replevin.
In January 2023, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint, among other grounds, as time-barred and for lack of standing. The plaintiff opposed the motion. By order dated September 7, 2023, the Supreme Court granted the motion on the ground that the complaint was time-barred. The plaintiff appeals.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Cruz v Guaba, 226 AD3d 964, 965 [internal quotation marks omitted]). "If the defendant meets this initial burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled, an exception to the limitations period is applicable, or the plaintiff actually commenced the action within the applicable limitations period" (Webster v Sherman, 165 AD3d 738, 741 [internal quotation marks omitted]).
"A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50; see Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex., 87 NY2d 36, 44). By contrast, replevin, "a provisional remedy which may be used as an incident to an action to recover a chattel" (Americredit Fin. Servs., Inc. v Decoteau, 103 AD3d 761, 762), requires a plaintiff to "establish that the defendant is in possession of certain property of which the plaintiff claims to have a superior right" (Nissan Motor Acceptance Corp. v Scialpi, 94 AD3d 1067, 1068). Causes of action alleging conversion and replevin are each subject to a three-year statute of limitations (see CPLR 214[3], [4]; Merlino v Knudson, 214 AD3d 642, 645; Malanga v Chamberlain, 71 AD3d 644, 645), and they generally "accrue[ ] when the conversion or taking occurred, and not from discovery" (Merlino v Knudson, 214 AD3d at 645 [citations and internal quotation marks omitted]; see State of New York v Seventh Regiment Fund, 98 NY2d 249, 259; Solomon R. Guggenheim Found. v Lubell, 77 NY2d 311, 317-318). "However, where possession is originally lawful," such causes of action do not accrue "until the owner makes a demand for the return of the property and the person in possession of the property refuses to return it" (Siegler v Lippe, 189 AD3d 903, 904; see Solomon R. Guggenheim Found. v Lubell, 77 NY2d at 317-318).
Here, the defendants established, prima facie, that the causes of action alleging conversion and replevin were time-barred (see Sunyoung Jung v Reiner & Kaiser Assoc., 220 AD3d 643, 644-645; Matter of Courant, 142 AD3d 614, 615-616). In support of their motion, the defendants submitted, inter alia, an affirmation from Avrohom and a letter sent from Rabbi Yehuda Krinsky to the decedent in 1994, which collectively demonstrated that the decedent had possessed the correspondence archive for approximately 25 years after the Rebbe's death, to the exclusion of both the Rebbe's estate and the plaintiff. In opposition, the plaintiff submitted an affirmation from Krinsky in which he averred that the plaintiff possessed the correspondence archive from the mid-1990s through 2019, when the defendants allegedly removed the correspondence archive from the plaintiff's headquarters without authorization. Therefore, the plaintiff raised a question of fact as to whether the causes of action alleging conversion and replevin each accrued within three years prior to the commencement of this action (cf. Siegler v Lippe, 189 AD3d at 904). Moreover, a 1995 letter from the decedent, written in Hebrew but accompanied by an English translation, which was submitted by the defendants for the first time in their reply papers, was not properly before the Supreme Court (see Malanga v Chamberlain, 71 AD3d at 646). As the plaintiff raised a question of fact as to whether the cause of action alleging conversion was time-barred, it necessarily raised a triable issue of fact as to whether the cause of action alleging trespass to chattels was timely, and we therefore need not consider the plaintiff's alternative argument relating thereto (see Sporn v MCA Records, 58 NY2d 482, 486-487; C.A. Inc. v Rocket Software, Inc., 579 F Supp 2d 355, 367-368 [ED NY]). Accordingly, the court should have denied the defendants' motion insofar as it sought dismissal of the complaint as time-barred (see Siegler v Lippe, 189 AD3d at 904).
The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint also on [*3]the ground that the plaintiff lacked standing to commence the action. Although the Supreme Court did not address that contention, we address it in the interest of judicial economy (see Wells Fargo Bank, N.A. v Robinson-John, 220 AD3d 974, 976-977; Wild Oaks, LLC v Joseph A. Beehan, Jr. Gen. Contr., Inc., 77 AD3d 924, 926) since "the parties briefed the issue before the Supreme Court and on appeal" (Sanchez v County of Nassau, 222 AD3d 685, 687).
"While CPLR 3211(a)(3) speaks to the plaintiff's lack of 'capacity' as a basis for dismissing complaints, decisional authorities have addressed a party's lack of standing as within the scope of the same statutory subdivision" (Wilmington Sav. Fund Socy., FSB v Matamoro, 200 AD3d 79, 89). "Where a defendant seeks dismissal pursuant to CPLR 3211(a)(3) based on lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing" (Fossella v Adams, 225 AD3d 98, 108 [internal quotation marks omitted]). "To defeat a defendant's motion to dismiss, the plaintiff has no burden of establishing its standing as a matter of law, but must merely raise a question of fact as to the issue" (Sikh Forum, Inc. v Saluja, 227 AD3d 1024, 1025 [internal quotation marks omitted]).
Here, the defendants demonstrated, prima facie, that the plaintiff lacked standing to commence this action on the ground that the causes of action in the complaint, in effect, sought to recover property of the Rebbe's estate in the plaintiff's capacity as a beneficiary thereof (see Levy v Levy, 215 AD3d 742, 743; Stallsworth v Stallsworth, 138 AD3d 1102, 1102-1103; Jackson v Kessner, 206 AD2d 123, 127). In opposition, however, the plaintiff raised a question of fact by submitting evidence that it was the lawful owner of the correspondence archive and that it continuously possessed the correspondence archive for decades before Avrohom allegedly removed the correspondence archive from the plaintiff's headquarters without authorization in 2019 (see DeGroat v Whalen, 201 AD3d 875, 877; Simpson & Simpson, PLLC v Lippes Mathias Wexler Friedman LLP, 130 AD3d 1543, 1545-1546; Yarn Trading Corp. v United Pads & Trim Inc., 118 AD3d 600, 600).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., MILLER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court